**William GARY, Plaintiff-Appellant,**

v.

**Henry DARNELL, t/d/b/a Hank Darnell Motors, Defendant-Appellee.**

**No. 73-2222.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 15, 1973.

Decided Oct. 23, 1974.

Stuart L. Lyon, David Kaplan, Louisville, Ky., for plaintiff-appellant.

Thomas W. Burks, Louisville, Ky., for defendant-appellee.

Before McCREE, MILLER, and EN-GEL, Circuit Judges.

McCREE, Circuit Judge.

This appeal presents the question whether the repossession of an automobile pursuant to Kentucky's self-help repossession statute,[1] § 9–503 of the Uniform Commercial Code, constitutes action under color of state law within the meaning of 42 U.S.C. § 1983.[2] We follow this court's decision in Turner v. Impala Motors, 503 F.2d 607, decided September 20, 1974, and hold that the act of repossession pursuant to § 9–503 was not made under color of state law.

On July 25, 1972, appellant entered into a consumer credit transaction with appellee for the purchase of an automobile. The deferred payments were not made according to the terms of the agreement, and appellee's employee, on December 29, 1972, repossessed the automobile. Appellant contends that this repossession was improper because it occurred without notice or prior hearing and that it is cognizable in the federal courts because it was under color of state law.

In *Turner, supra,* another panel of this court upheld the identically worded Tennessee repossession statute. In determining whether the acts of repossess-

---

1. *355.9–503 Secured party's right to take possession after default.* Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's prem-

ises under KRS 355.9–504. (1958, c. 77, § 9–503; effective July 1, 1960).

2. § *1983.   Civil action for deprivation of rights*

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or caus·s to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979.

sion were under color of state law, we decided then that the remedy was privately created by contract and that the statute did not create, but rather codified, the common law right to repossession in cases of default.

The only significant difference between *Turner* and this case is that Tennessee, at common law, recognized the remedy of self-help repossession. On the other hand, in Kentucky, the seller in a secured transaction, prior to the enactment of the Uniform Commercial Code, obtained a lien on the chattel and the right of repossession was permitted only if stipulated in the agreement. Cartwright v. C.I.T. Corp., 253 Ky. 690, 70 S.W.2d 388 (1934); Brown v. Woods Motor Co., 239 Ky. 312, 39 S.W.2d 507 (1931). Appellant argues that the enactment of 9–503 significantly changed Kentucky law so that state action was present whenever repossessions were made pursuant to the statute. *Cf.* Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967).

The history of self-help repossession in California is similar to that in Kentucky. Before the enactment of the California Commercial Code, parties to secured transactions could expressly provide by contract for the remedy of self-help repossession, and such an agreement could also be implied. The Ninth Circuit, in its decision upholding repossessions made pursuant to § 9–503, regarded this difference as without significance, and noted that "the enactment of the provisions of the Uniform Commercial Code did not reverse the law as it had been prior to the enactment of the Code, but merely codified existing law for the most part." Adams v. Southern California First National Bank, 492 F.2d 324, 332 (9th Cir. 1973). We deem this statement applicable to this case and we perceive no more state action in a legislative change of law than in a judge-made change. Since we find no significant involvement of the state in this repossession, we affirm the judgment of the district court. *Compare* Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) with Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

Affirmed.