845 F.2d 328
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clydes Y. WINFIELD, Plaintiff-Appellant,
v.
SOCIETY NATIONAL BANK and William J. Brown, Attorney
General, State of Ohio, Defendants-Appellees.
 No. 87-3056.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Clydes Y. Winfield, plaintiff-appellant, instituted this action on March 6, 1986, by filing a complaint in United States District Court for the Northern District of Ohio alleging that her civil rights had been violated by defendant-appellee Society National Bank ("Society") and by defendant-appellee William J. Brown, the Ohio Attorney General ("OAG"). (Brown was improperly named as the OAG, yet the parties proceeded as if the proper OAG, Anthony Celebrezze, Jr., had been named.). Winfield requested relief pursuant to 42 U.S.C. Sections 1981 and 1982 and the fourteenth amendment of the United States Constitution.
 
 
 2
 On August 13 and December 12, 1986, the district court entered orders dismissing Winfield's claims against the OAG and Society, respectively, for failure to state a claim upon which relief could be granted. Winfield appeals those decisions alleging numerous errors. For the following reasons, we find her claims without merit and therefore affirm the district court's judgment.
 
 I.
 
 3
 On or about September 18, 1982, Winfield entered into a retail installment loan transaction with Society. This consumer loan, enabling Winfield to purchase an automobile, carried a variable interest rate of 16.9% and called for initial monthly payments of $251.88. Winfield asserts that between September 1982 and January 1986, the prime interest rate fell, yet her payments increased because the falling interest rate was not taken into account by Society. Such an allegation is not supported by the record. Rather, the record clearly demonstrates that Winfield was habitually late in making payments and the increase in her payments was due to late charges and penalties. Likewise, the record indicates that the interest charged to Winfield during the loan term did fluctuate according to the changes in the interest rate charged to all customers of Society.
 
 
 4
 During November 1985, a dispute arose between Winfield and Society as to the amount of money Winfield owed on her debt. Due to this dispute and Winfield's refusal to pay the amount Society claimed, on January 4, 1986, her car was repossessed. On January 14, 1986, Society sent a statutory notice of repossession and sale to Winfield. These actions by Society caused Winfield to file this action on March 6, 1986.
 
 
 5
 On or about April 1, 1986, the OAG filed a motion to dismiss Winfield's claim against him for want of state action. On August 13, 1986, the district court entered an order dismissing the OAG as a party. The court found that there was no state action and that Ohio's repossession statute, Ohio Rev.Code Ann. Sec. 1309.46 (Baldwin 1978) ("O.R.C."), was constitutional. The court also, sua sponte, dismissed Winfield's request for class action certification.
 
 
 6
 On May 14, 1986, Society filed a motion to dismiss Winfield's claim against it for failure to state a claim upon which relief could be granted. On August 13, 1986, the court held that more discovery was needed before Society's motion could be addressed, but that Society, at the end of the discovery period, could renew its motion.
 
 
 7
 On July 2, 1986, Winfield filed a third set of interrogatories. These interrogatories, however, were returned to Winfield because they were inconsistent with the court's order limiting discovery.
 
 
 8
 On July 14, 1986, Winfield filed a motion for leave to file a second amended complaint. On August 13, 1986, the court denied this request and, in addition, limited Winfield to twenty interrogatories in addition to those not already filed.
 
 
 9
 On September 12, 1986, Winfield filed, again, a third set of interrogatories. This set contained 103 questions. Society refused to answer the interrogatories and instead, on October 31, 1986, filed a motion for a protective order and sanctions against Winfield's excessive discovery. On November 12, 1986, the district court granted Society's motion.
 
 
 10
 Finally, on December 12, 1986, the district court dismissed Winfield's action against Society for failure to state a claim upon which relief could be granted. Thereafter, this appeal was taken.
 
 II.
 
 11
 Winfield raises four allegations of procedural error by the lower court. She asserts that the lower court erred in denying her leave to amend her complaint, erred in denying her request for class action certification, erred in denying her motion for a default judgment and erred in granting Society's request for a protective order. For the reasons found in the district court's August 13, October 22 and November 12, 1986 orders, we affirm the court's decisions, thereby finding no error or abuse of discretion on the court's behalf. In making our decision, however, we specifically address Winfield's claim that the district court abused its discretion in denying her the opportunity to amend, for a second time, her complaint.
 
 
 12
 Rule 15(a) of the Federal Rules of Civil Procedure provides that a party desiring to amend his pleading after a responsive pleading has been served may do so "only by leave of court ... and leave shall be freely given when justice so requires." Thus, the Rules set forth a liberal policy of permitting amendments in order to ensure determination of claims on their merits rather than on the technicalities of the pleadings. Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982). A court's refusal to grant leave to amend is reviewable under an "abuse of discretion" standard. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Tefft, 689 F.2d at 638. An abuse of discretion occurs when a district court fails to state the basis for its denial of a motion or fails to consider the competing interests of the parties and the likelihood of prejudice to the opponent. Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986).
 
 
 13
 In denying Winfield's motion to file a second amended complaint, the district court, in an August 13, 1986 order, stated:
 
 
 14
 Further, as indicated in a prior in-chambers conference, plaintiff's Motion for Leave to File Second Amended Complaint Instanter is hereby denied.
 
 
 15
 J.App. at 190.
 
 
 16
 The court's language certainly demonstrates that Winfield's motion was considered in a prior in-chambers conference, but, for various reasons, was denied. Because this language suggests that there was compliance, on the lower court's behalf, with Fed.R.Civ.P. 15(a) and the applicable case law, Winfield's argument as to this point is without merit.
 
 
 17
 Thus, for the above reasons, we find that the district court did not abuse its discretion in handling the procedural aspects of this action.
 
 III.
 
 18
 Winfield also complains that the district court improperly granted Society's motion to dismiss for failure to state a claim upon which relief could be granted.
 
 
 19
 As enunciated by Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the judicial standard governing the court's grant of such a motion is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In making such a determination, the complaint is to be liberally construed in favor of the plaintiff and "all factual allegations and permissible inferences" in the complaint are to be accepted as true. Kent v. Johnson, 821 F.2d 1220, 1223 (6th Cir.1987).
 
 
 20
 Despite these principles, it is well established that a pleading will not be sufficient to state a claim under 42 U.S.C. Sections 1981 and 1982 if the allegations in it are merely conclusions or are clearly unsupported or unsupportable. See Place v. Shepard, 446 F.2d 1239, 1244 (6th Cir.1971). In a summary judgment case, Leonard v. City of Frankfort Elec. & Water Plant, 752 F.2d 189 (6th Cir.1985), this court set forth the elements needed to withstand a motion for early dismissal. The court stated:
 
 
 21
 In order to successfully assert a claim of discrimination under Sec. 1981 a claimant must demonstrate that the defendant engaged in purposeful or intentional discrimination. This intent requirement may be satisfied by direct allegations and proof of invidious discriminatory animus or circumstantially demonstrated by alleging and proving discriminatory conduct, practices, or the existence of significant racially disproportionate impact....
 
 
 22
 Thus, where a complaint alleges facts evidencing such a discriminatory purpose or intent, although it fails to specifically allege a discriminatory purpose, it is sufficient to state a claim under Sec. 1981.
 
 
 23
 Leonard, 752 F.2d at 193 (citations omitted and emphasis added).
 
 
 24
 In dismissing Winfield's complaint, the district court was true to the above standards. The court correctly interpreted Winfield's complaint as stating, at most, that she is a black female and that her automobile was taken from her allegedly because of her race. No facts were alleged which would demonstrate a discriminatory purpose or intent on Society's behalf. To adopt Winfield's assertions when she does not allege what rights she has been deprived of, the manner in which this deprivation occurred or in what way she was treated differently than similarly situated persons of different races would be to disregard the applicable standards previously set out by this court.
 
 
 25
 Thus, because Winfield did not adequately set forth her allegations, the lower court was correct in dismissing her complaint for failure to state a claim.
 
 IV.
 
 26
 Winfield's final claim is that the court erred in holding that Ohio's repossession statute, O.R.C. Section 1309.46, is constitutional. She alleges error because the lower court evaluated O.R.C. Section 1309.46 under the United States Constitution and not under the Ohio Constitution. She also contests the court's dismissal of the OAG as a party for want of state action. These claims present issues of law which we review de novo.
 
 
 27
 In reaching these decisions, the court stated:
 
 
 28
 The record in this case indicates that state involvement in the repossession at issue here constitutes no more than acquiescence or tacit approval, reflected in the passage of an Ohio statute dealing with self-help repossession. And there is no doubt that such statute is constitutional. See, e.g., Gary v. Darnell, 505 F.2d 741 (6th Cir.1974); United States v. Coleman, 628 F.2d 961 (6th Cir.1980). Further, plaintiff seeks no relief from the Attorney General for his conduct or any specific act committed by him. Under such circumstances, dismissal of the Attorney General is appropriate.
 
 
 29
 J.App. at 189. The court's decision is correct for the following reasons.
 
 
 30
 First, O.R.C. Section 1309.46 is a verbatim adoption of Article 9, Section 503 (9-503) of the Uniform Commercial Code (U.C.C.). O.R.C. Section 1309.46 provides:
 
 
 31
 Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides, the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under Section 1309.47 of the Revised Code.
 
 
 32
 O.R.C. Sec. 1309.46 (Baldwin 1978) (emphasis added). Challenges to lenders' rights such as these are nothing new. However, unfortunately for Winfield, such challenges have consistently been held meritless and U.C.C. Section 9-503, in particular, has been held to be constitutionally sound. It is clear from cases decided by this court that private action, like the action here, under U.C.C. Section 9-503 is not state action and thus, the lower court was correct in dismissing the OAG as a party because Winfield seeks no relief from him and because his conduct is not the subject of this litigation. See e.g., United States v. Coleman, 628 F.2d 961, 963 (6th Cir.1980) ("The well-established law in this circuit is that the private creditor who alone repossesses secured collateral does not act under color of state law. Specifically, self-help repossession under U.C.C. Sec. 9-503 does not constitute state action."); Gary v. Darnell, 505 F.2d 741, 741 (6th Cir.1974). Winfield raises no allegations that would remove her from the application of this well-established principle of law.
 
 
 33
 Second, the court correctly held that the Ohio version of the statute was constitutional. Although Winfield cites cases to support her assertion of unconstitutionality, those cases are distinguishable. Rather, in Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978), the Court, in discussing a traditional creditor self-help provision, held that such a remedy was not unconstitutional. Id. at 156, 166. Likewise, this court did not make such a determination with regard to U.C.C. Section 9-503 in its earlier cases of Coleman and Darnell. These decisions were relied upon by the lower court in its opinion and such reliance was appropriate. There can simply be no violation of due process without state action.
 
 
 34
 Finally, Winfield claims that the lower court erred in only discussing the federal constitution and omitting a discussion of the Ohio Constitution. Society, however, claims that this omission resulted because Winfield failed to plead or allege in her first amended complaint any violation of the Ohio Constitution. If true, Winfield can not now raise such an argument. After reviewing her complaint, it is clear that only the United States Constitution was invoked by Winfield as a ground for her claim. As such, she is now barred from raising this issue.[1]
 
 
 35
 Even assuming that such an argument could be raised, Winfield would still lose on her claim. The relevant section in the Ohio Constitution has been construed by the Ohio Supreme Court as providing substantially the same safeguards as the fourteenth amendment of the United States Constitution. See Peebles v. Clement, 63 Ohio St.2d 314, 317 (1980). Thus, since U.C.C. Section 9-503 and O.R.C. Section 1309.46 are identical, and since 9-503 has withstood federal scrutiny, it follows that the Ohio Constitution is not violated by O.R.C. Section 1309.46.
 
 
 36
 Thus, in accord with the strong presumption of constitutionality afforded statutes, the statute at issue here is constitutional. Therefore, the lower court did not err in its dismissal of the OAG as a party or in its interpretation and construction of O.R.C. Section 1309.46.
 
 
 37
 Therefore, for all of the foregoing reasons, the district court's judgment is hereby AFFIRMED.
 
 
 
 [1]
 Winfield also alleges that O.R.C. Sec. 1309.47, in addition to Sec. 1309.46, is unconstitutional. This claim was also not made in district court and thus is improperly made now