**Miles TEFFT, Plaintiff-Appellant,**

v.

**James SEWARD, a/k/a Jessie Seward, Defendant-Appellee.**

**No. 80–1824.**

United States Court of Appeals, Sixth Circuit.

Argued June 23, 1982.

Decided Oct. 1, 1982.

Rehearing and Rehearing En Banc Denied Dec. 15, 1982.

Frank G. Becker, Otis, Peters, Becker & Pietsch, Detroit, Mich., for plaintiff-appellant.

James K. Robinson, U.S. Atty., Hayward L. Draper, Sheldon N. Light, Joseph E. Papelian, Asst. U.S. Attys., Detroit, Mich., for defendant-appellee.

Before MERRITT and JONES, Circuit Judges, and WEICK, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiff Tefft was severely wounded in the course of a drug arrest on March 7, 1974. His complaint alleges that he was involved in an illegal drug transaction when the car in which he was sitting was surrounded by several plainclothed officers of the Drug Enforcement Agency. Observing that the men were heavily armed, Tefft concluded that he was being robbed and attempted to flee. Although none of the federal officers identified themselves, Tefft heard a shout that convinced him that the men were police officers.

Tefft claims he then stopped completely and put his hands directly over his head. Two DEA officers approached him from the front and shot him while he was in that position. Tefft received shotgun wounds in his right hand and was struck in the face by a .45 caliber bullet. Afterwards the officers bragged about the shooting just outside of Tefft's hospital room. These are the allegations of the complaint.

The suit was originally brought against two of the DEA officers on January 28, 1976, in Circuit Court, Wayne County, Michigan. The defendants removed the case to federal court where it was dismissed as barred by the applicable statute of limitations. Tefft appealed the dismissal as to one of the two defendants. This Court reversed the trial court's order of dismissal by order dated April 17, 1979, 595 F.2d 1225.

Tefft's second amended complaint on remand was entitled "Assault & Battery (Excessive & Unwarranted Force)" and essentially set out the facts described above. Defendant deposed Tefft and subsequently filed a motion for summary judgment on September 17, 1980.

The District Court granted summary judgment based on the absolute immunity of federal officers acting within the scope of their duty from damage suits arising from common law torts. Our case of *Granger v. Marek,* 583 F.2d 781 (6th Cir. 1978) was held to be controlling on the immunity question. The Court also denied Tefft's somewhat belated request to amend his pleadings in order to assert a constitutional tort.

■ We find that the judge abused his discretion when he refused to allow the amendment. In his answer to defendant's motion for summary judgment, the plaintiff made the following request: "... the plaintiff desires to amend his complaint to claim a deprivation of constitutional rights as protected by the United States Constitution." App. at 92. The trial judge denied the requested amendment in his grant of summary judgment for the defendants:

Plaintiff has never made a motion to amend his complaint within the last four

years and since the time of the original complaint filed in January, 1976, the only claim alleged has been the common law tort of assault and battery.

App. at 97. Rule 15, Federal Rules of Civil Procedure, allows a party to amend his or her pleading once as a matter of course before a responsive pleading is served. To obtain a subsequent amendment, a party must request leave of the court, and "... leave shall be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P.

The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings. *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *see* 3 Moore's Federal Practice ¶ 15.02[1] (1982), at p. 15–13. That principle provides guidance for appellate courts charged with determining whether a trial judge has abused his or her discretion in denying a requested amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), and is especially important when, as here, denial of the amendment has resulted in dismissal of the action. *John M. Peters Construction Co. v. Marmar Corp.,* 329 F.2d 421 (6th Cir. 1964).

The trial judge in this case apparently faulted the plaintiff for never making a "motion" for leave to amend. Although a motion is the form most commonly used by parties seeking an amendment, no specific procedure is set forth in Rule 15 for amendments, and a variety of methods have been recognized as sufficient. *See, e.g.,* 6

Wright & Miller, Federal Practice and Procedure § 1485 (1971 & 1981 Cum.Supp.), and cases cited therein.

The Fifth Circuit reversed and remanded a trial court's denial of leave to amend on facts virtually identical to those before us in *Sherman v. Hallbauer,* 455 F.2d 1236 (5th Cir. 1972). Citing Rule 15's mandate that leave shall be granted freely when justice requires, Judge Wisdom held:

... in the interests of justice the district court should have construed the Sherman's's frantically revised theory of the case, as plainly set forth in their memorandum in opposition to summary judgment, as a motion to amend the pleadings filed out of time. The command of Rule 15 is straightforward and permissive. On the facts of this case, fair treatment for the Shermans requires that they not be deprived of their day in court simply because, for a time, their attorney did much to insure that the day would never come.

*Id.* at 1242.

It is obvious that the facts as set forth in Tefft's original complaint would support a cause of action for a constitutional tort,[1] as well as assault and battery, and Tefft's attempt to amend his complaint is plain from the language of the memorandum in opposition to the motion for summary judgment. The amended cause of action is not so different as to cause prejudice to the defendants, nor do we find the delay particularly "undue" considering the course of this case through a prior appeal to this Court.[2] Therefore, we hold that dismissal

---

1. Allegations of assault and battery and use of excessive force are sufficient to state a constitutional violation when such actions were severe. *See, e.g., Jones v. Hildebrant,* 432 U.S. 183, 189, 97 S.Ct. 2283, 2287, 53 L.Ed.2d 209 (1977) (White, J. dissenting); *Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir. 1981); *Gregory v. Thompson,* 500 F.2d 59, 62 (9th Cir. 1974); *Johnson v. Glick,* 481 F.2d 1028, 1032-33 (2d Cir.), *cert. denied sub nom. John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Lucarell v. McNair,* 453 F.2d 836 (6th Cir. 1972).

2. Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an

amendment of a pleading, *Buder v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 690 (8th Cir. 1981); *Davis v. Piper Aircraft,* 615 F.2d 606 (4th Cir. 1980); *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). In *Buder,* the court states:

The [district] court placed great reliance on the two and one-half year delay between the filing of the complaint and plaintiffs' request for leave to amend. However, it is well-settled that delay alone is not a sufficient reason for denying leave. *See Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products Corp.,* 542 F.2d 1010, 1012 (8th Cir. 1976). The delay must have resulted in prejudice to the party opposing the motion. *See Beeck v.*

of the suit based upon the original complaint was an abuse of discretion and remand with instructions to allow plaintiff to amend his complaint to assert a constitutional tort. We believe this case should be tried on its merits and not dismissed on technical grounds, and we instruct the District Court on remand to try the case expeditiously.

Accordingly, the summary judgment is vacated and the case remanded for further proceedings in keeping with this opinion.

---

*Aquaslide 'N' Dive Corp.,* 562 F.2d 537 (8th Cir. 1977).

*Buder v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 690, 694 (8th Cir. 1981). In *Davis* this language appears:

> Only one of the reasons, the delay of four months [after plaintiff learned of the defect in his complaint], falls within the factors specifically mentioned in *Foman.* Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.

*Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980).