**DRAVO CORP., Plaintiff,**

v.

**OHIO POWER CO., et al., Defendants.**

**No. C81–1751A.**

United States District Court,
N.D. Ohio, E.D.

Aug. 4, 1983.

Thomas P. Mulligan, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Allen Tupper Brown, Kevin D. McDonald, Jones, Day, Reavis & Pogue, Washington, D.C., for plaintiff.

Jerome Reiss, Howard Blum, Barry Golomb, Max E. Greenberg, Cantor & Reiss, New York City, Richard E. Guster, Roetzel & Andress, Akron, Ohio, for defendants.

## ORDER

DOWD, District Judge.

Before the Court is the renewed motion of the defendants to amend their counterclaim. For the reasons stated below, the motion is denied.

### I.

On April 7, 1983, the defendants moved the Court for leave to file a first amended answer and counterclaim. In an order filed on May 2, 1983, this Court denied that motion. The motion, currently before the Court, seeking leave to file an identical amended answer and counterclaim, was filed on June 24, 1983—the same date that opening arguments were heard in the trial of this matter. A memorandum in opposition to the motion was filed on July 1, 1983, and the Court heard oral argument on the motion on July 14, 1983, and August 2, 1983. Since the filing of the motion a significant amount of testimony has been presented to the jury.[1]

The proposed amended answer and counterclaim seeks to add nine additional causes of action to the counterclaim. Defendants allege new causes of action in fraud, misrepresentation and negligence. The principal focus of these new causes of action is a series of statements allegedly made by Dravo and relied upon by defendants to their detriment.

At the oral argument of this motion, both parties presented extensive arguments regarding the merits of the proposed counterclaims. The merit of the counterclaims, however, is not dispositive of the issue before this Court on this motion. Rather, the Court must consider whether it should grant defendants leave to file an amendment to their pleadings under the provisions of Fed.R.Civ.P. 15(a).

### II.

In relevant part, Fed.R.Civ.P. 15(a) provides that after the filing of a responsive

---

1. While the trial of this case has proceeded at an agonizingly slow rate, the jury has already been presented with 19 days of live testimony.

pleading, a party "may amend his pleading only by leave of court ...; and leave shall be freely given when justice so requires." Acknowledging the presumption of the Federal Rules in favor of trial on the merits of the respective claims, *see Tefft v. Seward,* 689 F.2d 637 (6th Cir.1982), this Court will now consider whether, under Rule 15, justice requires the Court to grant leave to amend in this case.

This Court set out the legal standard applicable to defendants' motion in its order of May 2, 1983. In relevant part, that order states

> Citing the Supreme Court's opinion in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Sixth Circuit has stated:
>
>> Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.
>
> *Hageman v. Signal LP Gas, Inc.,* 486 F.2d 479, 484 (6th Cir.1973). The Sixth Circuit also has stated that the "[p]roper analysis is ... to weigh the cause shown for the delay against the resulting prejudice to the opposing party." *Head v. Timken Roller Bearing Co.,* 486 F.2d 870, 874 (6th Cir.1973). Thus, delay that is neither intended to nor harass nor causes any ascertainable prejudice is not a permissible reason in and of itself, to disallow an amendment of a pleading. *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982); *Hageman v. Signal LP Gas, Inc.,* 486 F.2d 479, 484 (6th Cir.1973).

Order at 3–4. No other controlling authority has been cited to the Court on this motion. The Court, therefore, pursuant to the Sixth Circuit's decisions, will analyze the balance between the cause shown for the delay and the resulting prejudice.

### III.

The original pleadings in this case were filed in August, 1981. This case has been set for a June 1983 trial since December 10, 1982. The parties engaged in lengthy and massive discovery. Discovery was cut-off on March 31, 1983, with limited extensions until May 9, 1983. Defendants' motion, therefore, comes very late in the pretrial preparation of this case.

Defendants' delay in filing the motion, however, must be considered in light of the reasons advanced for the delay. In the May 2, 1983 Order, this Court stated that defendants failed to advance any reasons which justify in any detail the defendants' delay in filing the motion. "No mention is made of when or what discovery disclosed the unspecified facts relied upon as a basis for amendment." *Id.* at 4. At oral argument, defendants did not argue that their delay was caused by any recently discovered evidence. In fact, argument revealed that the defendants used one of the principal documents which they contend support their new counterclaims, a May 16, 1979 memo from Vilim to Flood (defendant's trial exhibit 79, defendant's Cooper deposition exhibit 30) in the deposition of George Cooper conducted on February 8, 1982. *See* Cooper deposition transcript at 121–22. *See also* Cooper deposition at 148 (presentation of defendants' Cooper deposition exhibit 40, defendant's trial exhibit 106; June 25, 1979, memo from Harger to Cooper).

At argument, the defendants argued that their delay in asserting the new counterclaims was caused by the need to review and collate the discovery documents before developing these theories of the case. The Court, therefore, must analyze the merit of this argument as cause for defendants' delay in advancing these new counterclaims.

Upon review, this Court concludes that this justification for defendants' delay is insubstantial. The Court begins with the premise that a party need not complete its discovery and assemble all of its proof before asserting a counterclaim. *See* Fed.R. Civ.P. 11. Defendants' claim, therefore, has merit only to the extent that the defendants were not aware of these counterclaims until very recently. The Court finds that

position untenable. This case has been pending for nearly two years. The defendants have participated in a massive round of discovery and have been aware of at least part of the factual basis for their claim for well over a year. At various times, defendants have had at least six attorneys working on this case. In light of these facts, the Court is not persuaded that defendants have just recently become aware of these counterclaims. The Court, therefore, concludes that the reasons asserted by defendants for their delay are insubstantial and that the defendants have not shown a significant justification for delay.

### IV.

Dravo argues, in contrast, that injecting these new counterclaims into this lawsuit at this extremely late date would severely prejudice Dravo. In this Court's May 2, 1983 Order, the Court stated:

> The resulting prejudice to the plaintiff is apparent. If the Court were to grant the motion to amend, it seems likely that additional discovery would be required. Moreover, the plaintiff asserts that some of the evidence may no longer be available that would be required to confront the accusations set forth in the proposed amended answer and counterclaim.

Order at 4.

In their renewed motion, defendants address these concerns. In the brief, they argue that "*no new facts* are alleged by Ohio Power [in the amended counterclaim]." The "only revisions proposed deal with theories of *law* based on the *same* general facts alleged in the original answer and counterclaim.... Dravo needs no additional discovery to respond to or defend against this amended counterclaim.... As a result, there can be [no (sic)] validity to an argument by plaintiff that it will be prejudiced because it has had no opportunity for discovery." Brief at 33. The Court, therefore, must consider defendants' arguments that the reasons advanced in this

Court's earlier order do not demonstrate significant prejudice to Dravo.

The thrust of defendants' argument is that Dravo may confront the allegations in the amended answer and counterclaim without additional discovery or trial preparation. At oral argument, however, Dravo's counsel demonstrated that the proposed counterclaims would inject a large range of new factual issues into this litigation. Previously, defendants' counterclaims had involved a simple breach of contract claim. The new counterclaims will make relevant for the first time the defendants' understanding of Dravo's alleged misrepresentations, how defendants relied upon the alleged misrepresentations, and how this reliance led to injury.[2] Under the previously existing counterclaim, Dravo did not, and had no reason to, place testimony on these issues into the record during the discovery process. Transcript at 3368. It is apparent to the Court, therefore, that allowing the counterclaim would inject a whole range of previously undiscovered issues into the trial.

Dravo has further offered persuasive argument that it would be prejudiced by the insertion of these new issues into the litigation at this late date. Dravo would need to organize and prepare new evidence for submission at trial. Additional discovery would be required, some of which may no longer now be available. *See* Transcript at 3362–65. Further, Dravo would also be prejudiced by having to reconsider and possibly alter its theory of the case midway through its presentation of evidence to the jury. Some of Dravo's development of this new evidence would have to be done from the witness stand during trial, not through the ordinary discovery process. *Id.* at 3369. In sum, the Court concludes that Dravo would be substantially prejudiced by allowing the filing of the amended counterclaim.

### V.

In summary, therefore, the Court has found that defendants' motion is untimely,

---

**2.** Even defendants' counsel acknowledged at oral argument that at least some of this material had yet to be placed into the record. At argument, counsel stated that:

> The missing point is the understanding of the defendant with respect to these issues which were told to them by the plaintiff. We do not have that testimony as yet.

Transcript at 1622.

that defendants have not advanced significant cause for their delay in seeking leave to file the amended counterclaim, and that Dravo would be substantially prejudiced by the insertion of an amended counterclaim at this stage of the litigation. Under the applicable Sixth Circuit standards,[3] the Court concludes that justice does not require the Court to grant defendants leave to amend. Accordingly, the renewed motion for leave to file an amended answer and counterclaim is denied.

IT IS SO ORDERED.

---

**3.** The cases cited by Ohio Power in its brief and at argument, in addition to being from other jurisdictions, are distinguishable from this case. In *Raymond International Inc. v. Bookcliff Construction, Inc.,* 347 F.Supp. 208 (D.Neb.1972), the Court specifically found that "It appears that the discovery adequately covered the subject matter of the [amended answer] such that prejudice to the plaintiff was minimized." *Id.* at 211. In *Buder v. Merrill Lynch, Pierce, Fenner and Smith,* 644 F.2d 690 (8th Cir.1981), the Court concluded that defendants suffered "no significant prejudice" from the amendment. *Id.* at 694. Finally, in *Walsh v. Butcher & Sherrerd,* 452 F.Supp. 80 (E.D.Pa.1978), the Court granted leave to amend but found that there was no undue delay and that defendant would not be greatly prejudiced by the amendment. *Id.* at 87.