815 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Wayne WILSON, Plaintiff-Appellant,
v.
Jim PRIVETT, Bill Hawkins, and George Hawkins (84-0136),
Joanne Leonard, Allen Overby, Glen White and Bill
Smith (85-0416), Defendants-Appellees.
 No. 86-5950.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment for the defendants in this civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff filed three complaints in the district court, alleging that the defendants conspired to murder him, conspired to retaliate against him for suing the city of Bristol, Tennessee, and conspired to present false evidence at his state criminal trial for rape and being a habitual criminal. The district court impaneled a jury and received the plaintiff's evidence. At the close of the plaintiff's case, the court directed a verdict for the defendants.
 
 
 3
 When a party makes a motion for a directed verdict, the district court must view the evidence in favor of the party against whom the motion is made. There must be a complete absence of proof or no controverted issues of fact on which reasonable jurors could differ before the motion is granted. Grimm v. Leinart, 705 F.2d 179, 181 (6th Cir. 1983), cert. denied, 465 U.S. 1066 (1984); accord, King v. Love, 766 F.2d 962, 969 (6th Cir.), cert. denied, 106 S.Ct. 351 (1985).
 
 
 4
 Concerning the allegations in the plaintiff's first complaint, the district court held that the issues were barred by the statute of limitations. The statute of limitations for civil rights actions in Tennessee is one year. Tenn. Code Ann. Sec. 28-3-104(a) (1980); Berndt v. State of Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Because the allegations in the first complaint occurred in 1978 and the complaint was not filed until 1984, the district court was correct to dismiss these allegations on statute of limitations grounds.
 
 
 5
 Concerning the allegations in the second complaint, the district court found that there was a complete absence of evidence supporting the claims. This finding is correct concerning defendant Privett. There is some evidence, however, concerning defendant Smith. The plaintiff testified that Smith waived a gun at him and threatened to kill him because he had filed a suit against the city of Bristol.
 
 
 6
 Nevertheless, the district court's judgment concerning defendant Smith can be affirmed on another ground. City of Cleveland v. Cleveland Electric Illuminating Co., 570 F.2d 123, 128 (6th Cir. 1978). The Civil Rights Act does not provide a remedy for every intrusion by a police officer upon a citizen's bodily integrity. Allegations of assault and battery are sufficient to state a constitutional violation only where they are severe. Tefft v. Seward, 689 F.2d 637, 639 n.1 (6th Cir. 1982); accord, Lewis v. Downs, 774 F.2d 711, 713-14 (6th Cir. 1985) (per curiam). Because the plaintiff received no actual injuries from the defendant's assault, his claim does not rise to the level of a constitutional violation.
 
 
 7
 Concerning the plaintiff's third complaint, the district court held that there was no evidence to show a conspiracy to submit false evidence at the plaintiff's state criminal trial. The plaintiff argues that the incorrect case number was placed on a report referring to fingerprint evidence submitted at his trial, but this mistake is not enough by itself to show that false evidence was actually presented at the trial. So the district court was correct to grant judgment to the defendants concerning the third complaint. The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.