869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jennieve HOLLAND, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 88-1347.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Jennieve Holland appeals from the District Court's denial of her motion to amend her complaint under Fed.R.Civ.P. 15(a). We conclude the District Court did not abuse its discretion and accordingly affirm.
 
 
 2
 Holland was an employee of defendant Metropolitan Life Insurance Company ("Metropolitan") for over nineteen years. She was terminated on May 2, 1986. The company explained that her dismissal was part of a necessary reduction in work force; plaintiff contended that it was motivated by unlawful age discrimination. On January 5, 1987, Holland brought an action against Metropolitan in state court under the Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.2101, et seq. Defendant removed to the United States District Court on January 26, 1987.
 
 
 3
 Discovery originally was scheduled to end on September 30, 1987. After the parties stipulated to two extensions, November 23, 1987 was agreed to as the final discovery cutoff date. By consent of the parties, two additional depositions were taken after the discovery cutoff date on December 14, 1987. The District Court set December 21, 1987 as the last date for filing motions.
 
 
 4
 On December 21, 1987, Metropolitan moved for summary judgment on plaintiff's age discrimination claim. The District Court granted the summary judgment motion; plaintiff does not appeal this ruling. On the same day, plaintiff moved to amend her complaint to include a contract claim based on Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980). The contract claim was founded on Metropolitan's alleged violation of its "Guideline" for work force reductions. Plaintiff conceded that she had been aware of the Guideline since July 1987, but she argued that the viability of her Toussaint claim had been uncertain until she obtained the depositions of company officials during discovery in the age discrimination matter. In a ruling from the bench, the District Court denied plaintiff's motion to amend. Noting that discovery had been closed since November, the court concluded that "defendant would not be afforded an opportunity to fully defend on these charges without substantial discovery...." Further, the court was unpersuaded by plaintiff's explanation for her delay in asserting the contract claim. Plaintiff, the court observed, "had a year of discovery" and should have been able to determine the viability of the contract claim prior to the last day for motions.
 
 
 5
 A district court's decision to deny amendment under Rule 15(a) may be reversed only if it constitutes an abuse of discretion. Estes v. Kentucky Utilities Co., 636 F.2d 1131, 1133 (6th Cir.1980). In tension with this broad grant of discretion is Rule 15's provision that amendments should be "freely given" when justice so requires. The Rule was intended to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982). To deny the motion to amend, the district court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986). In light of plaintiff's lengthy delay in asserting her contract claim, we conclude the District Court did not abuse its discretion in denying the motion to amend.
 
 
 6
 Plaintiff relies heavily on Janikowski v. Bendix Corporation, 823 F.2d 945 (6th Cir.1987), which held that the district court had abused its discretion in refusing to allow Janikowski to amend his age discrimination complaint to include a contract claim. The court found the burden of additional discovery placed on Bendix was not sufficient prejudice to preclude plaintiff's contract action. Id. at 951. Instead, "[t]he proper remedy for subjecting [an opponent] to duplicative discovery would be to require the amending party to bear a portion of the additional expense." Id. at 952 (citations omitted). Plaintiff argues that she is in an identical position: she seeks to amend an age discrimination complaint to include a contract count, and the only prejudice to Metropolitan would be the burden of additional discovery. In Janikowski, however, the timing of the motion to amend differed significantly from the present case. There the parties had agreed to hold discovery in abeyance until the court disposed of the defendant's motion for summary judgment. Discovery had not been completed. The Janikowski court expressly distinguished cases in which discovery was closed prior to the motion to amend:
 
 
 7
 Although prejudice has been found in cases where the motion for leave to amend was filed after completion of discovery, [citations omitted] no such fact pattern is present here.
 
 
 8
 823 F.2d at 952.
 
 
 9
 In the present case, by contrast, the motion to amend was filed weeks after the November 23 discovery cutoff date, and months after plaintiff concedes she became aware of defendant's Guideline. Plaintiff has offered no convincing reason for her delay until December 21. Where discovery is completed, the burden imposed on the defendant by allowing an amendment is greater, since the defendant likely will have begun trial preparation based on the issues aired in the discovery process.
 
 
 10
 Plaintiff observes that this Court permitted eleventh hour amendments in Moore and Tefft. In both of those cases, however, the plaintiff sought to amend the complaint to include a cause of action which clearly would have been supported by the facts alleged in the original pleadings. See Moore, 790 F.2d at 562 ("[R]ejection of the amendment would preclude plaintiff's opportunity to be heard on the merits on facts ... which were pleaded at the outset...."); Tefft, 689 F.2d at 639 ("It is obvious that the facts as set forth in Tefft's original complaint would support a cause of action for a constitutional tort,...."). In the present case, plaintiff's complaint set forth facts sufficient to support an age discrimination claim, but not a contract claim. Plaintiff admits that her "original Complaint does not include an allegation about [Metropolitan's] lay-off policy." Reply Brief at 19. Since plaintiff's complaint did not allege sufficient facts to support the cause of action asserted in the amendment, the rationale of Moore and Tefft does not apply.
 
 
 11
 The judgment of the District Court is AFFIRMED.