914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Diane A. PARMER, Plaintiff-Appellant,
v.
GLOBE INDUSTRIES, INC., Local NO. 379, Retail, Wholesale and
Department Store Union, AFL-CIO, Defendants-Appellees.
 No. 89-4041.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 Plaintiff, Diane Parmer, filed a complaint in Ohio state court against her former employer, Globe Industries, Inc. ("Globe"), and the union representing the employees at Globe's Oregon, Ohio plant, Local No. 379, Retail, Wholesale and Department Store Union, AFL-CIO ("Local 379"), asserting three causes of action: (1) discharge without cause in violation of the collective bargaining agreement (the "agreement") between defendants; (2) the union's refusal to process her grievance regarding her discharge (unfair representation); and (3) conspiracy to alter the terms of the labor contract to deny her benefits and protections.
 
 
 2
 After removing the case to federal court, Globe filed a motion to dismiss count three of plaintiff's complaint and also moved for summary judgment on counts one and three.[1] Plaintiff then filed a memorandum in opposition and also a motion for leave to file an amended complaint. The district court denied plaintiff's motion for leave to file an amended complaint, and granted Globe's and Local 379's motions for summary judgment.
 
 
 3
 Globe hired plaintiff as a part-time assembly line employee on November 10, 1987. As a new employee, plaintiff attended an orientation meeting conducted by Ivan Pickering, Globe's director of human resources. During this meeting, Pickering provided plaintiff and other new employees with a copy of the employee work rules promulgated pursuant to the agreement, and then reviewed those rules with the new employees. Pickering also informed plaintiff and the new employees that they must complete a sixty-day probationary period to become union members,[2] but he did not give them a copy of the agreement.
 
 
 4
 There seems to be no question but that plaintiff became a full-time employee on November 17, 1987. On December 14, 1987, plaintiff was laid off, without recall rights, for a period of one week. The following week, the Globe plant was shut down for the holidays. Plaintiff was not on employment status until January 4, 1988, when she was rehired.[3] She was again laid off, without recall rights, on or about January 17, 1988. Approximately one week later, plaintiff returned to work, and on February 4, 1988, she received another lay-off notice. On February 5, 1988, plaintiff was discharged allegedly for poor job performance and for leaving her station during work hours.
 
 
 5
 After her discharge, plaintiff called a union steward to investigate the reason for her discharge and to determine her status as a union member under the agreement. Local 379 contacted Pickering who advised the union that plaintiff had been laid off, without recall rights, in December 1987, and thus had not completed the sixty-day probationary period at the time of her discharge. The union representative explained to plaintiff that she had not completed the sixty-day probationary period, and thus did not have rights under the agreement.
 
 
 6
 After failing in a continued attempt to process her grievance, plaintiff filed claims against Globe with the Ohio Civil Rights Commission, the Equal Employment Opportunity Commission, and the National Labor Relations Board. None of these administrative agencies, however, pursued plaintiff's complaint beyond the investigatory stage. Plaintiff then filed her suit against Globe and Local 379, and has now appealed from the adverse judgment of the district court.
 
 1. Amended Complaint
 
 7
 The motion to file an amended complaint surfaced after the pre-trial order cut-off date for filing of motions. The district court's order denying the motion[4] stated:
 
 
 8
 the proposed amended complaint alleges new theories of liability based on third-party beneficiary rights alleged to be held by plaintiff under the collective bargaining agreement.
 
 
 9
 J/A 6. Because the motion was "made rather late in the proceedings ... [and] would necessitate vacating the trial date," which had already been set, and would prejudice defendants through the need for additional discovery and delay, the district court denied the motion.
 
 
 10
 The proposed amendment included a "preliminary statement"[5] incorporated in the proposed complaint that asserted that the union's "representation of plaintiff is not pursuant to a contract but the union's duty to represent all employees." Plaintiff claimed that she was a third-party beneficiary under the agreement. Plaintiff also alleged that the union's failure to pursue her grievance after being asked "to treat [her] as a non-probationary employee entitled to the protection of the union contract" was, among other things, "a breach ... of duty to non-union employees ... as third party beneficiaries." Finally, plaintiff claimed an employer-union conspiracy "to deny employees who have completed their 60 calendar days probationary period ... protection under the union contract."
 
 
 11
 Plaintiff equivocates in her brief that her proposed amended complaint merely "clarified" her status against the two defendants:
 
 
 12
 Rather than alleging "new theories of liability based upon third-party beneficiary rights" as stated by the District court for its second ground, Diane's argument as to her status as a third-party beneficiary was to emphasize that the applicable Statute of Limitations was not six months. Diane's State Court Complaint, construed liberally as required under both Ohio and Federal Rule 8, Rules of Civil Procedure, stated a claim as a third-party beneficiary in that it alleged she was entitled to be a Union member under the contract, but was denied such status and treated as a probationary employee instead.
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 Diane's proposed Amended Complaint merely clarified such status to emphasize the non-applicability of the Defendants' claimed six-month Statute of Limitations to Diane's contract claims since she was not a party to the contract as a Union member, but was a third-party beneficiary of the contract as a probationary employee.
 
 
 17
 .............................................................
 
 
 18
 ...................
 
 
 19
 * * *
 
 
 20
 Since no new claims were made in Diane's proposed Amended Complaint and the Defendants had long been aware of the new factual allegations in support of the original claims, such facts having been uncovered in depositions attended by Defendants and their counsel in March, 1989, there was nothing "new" for the Defendants to prepare to meet ...
 
 
 21
 Plaintiff's Brief at 8-9.
 
 
 22
 We have followed the recommendation of Fed.R.Civ.P. 15(a) with respect to a liberal allowance of amendments to complaints:
 
 
 23
 Rule 15(a), Fed.R.Civ.P., provides that leave to amend shall be "freely given" when justice so requires. The thrust of the provision "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982). Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. Id. at 639, n. 2. Furthermore, there must be "at least some significant showing of prejudice to the opponent" if the motion is to be denied. Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986). Although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests "liberality in allowing amendments to a complaint." Id.
 
 
 24
 Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir.1987).
 
 
 25
 We are loath to find an abuse of discretion where a district court seeks to advance the disposition of a civil case. We are doubtful, however, that any of the bases given, and even if considered in combination, are sufficient to deny the motion to amend in this case. We, therefore, REMAND the case to the district court to consider further whether the amendment should be granted and disposed of on its merits, or whether, if denied, an order should be issued without prejudice to the right of plaintiff to pursue her amended claims in state court.[6] The district court should reconsider in light of Tefft v. Seward, 689 F.2d 637 (6th Cir.1982), Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986) and Janikowski, supra.
 
 2. Statute of Limitations
 
 26
 We find no error in the district court's determination that plaintiff's assertions in the original complaint were barred under the DelCostello rationale. The original complaint, in substance and in effect, asserted a hybrid Sec. 301/duty of fair representation action against both the employer and the union arising out of the labor contract then in effect. In this regard, plaintiff was aware of the position of both defendants and of her status as a probationary employee under the agreement no later than February 7, 1988. The six months' period for filing a complaint expired in early August and thus her original claims were barred against both defendants.[7] We find the case relied upon by plaintiff, Garcia v. Eidal International Corp., 808 F.2d 717 (10th Cir.), cert. denied, 484 U.S. 827 (1986), to be distinguishable. There was a complete plant closure in Garcia and a repudiation by the employer of the entire collective bargaining agreement as to all employees.
 
 
 27
 A grant of summary judgment should be sustained if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Because plaintiff's hybrid Sec. 301/duty of fair representation claim is time barred, we find no error in the district court's grant of summary judgment for defendants on all counts of the original complaint.
 
 
 28
 We REMAND, however, for further consideration of plaintiff's motion to file an amended complaint.
 
 
 
 [1]
 The union filed a similar summary judgment motion as to counts 2 and 3
 
 
 [2]
 Article II, Section 1 of the labor contract provides:
 There shall be a sixty (60) calendar day probationary period for any new employee during which the Company shall have the privilege in its sole discretion of laying off, discharging, or retraining such new employee. If retained by the company, such new employee's seniority shall date from the first day worked.
 Article VII, Section 5, states:
 Employees shall be considered probationary employees for the first sixty (60) days following their date of hire. There shall be no seniority among such probationary employees, and it is agreed that the Union shall not present any grievance on behalf of or otherwise seek to represent said probationary employees. After their probationary period has been completed, such employees cease to be probationary employees and:
 Plant Seniority shall rank from their actual date of hire;
 Probationary employees shall not have rights in the provisions of this contract.
 J/A 35, 45.
 
 
 [3]
 Plaintiff worked doing clean-up duties for two days during the holiday shutdown
 
 
 [4]
 Summary judgment was granted Globe on counts 1 and 3 based on a statute of limitation defense. The amendment to the complaint addresses no new basis to controvert application of the statute under DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The court held that the Sec. 301 hybrid causes of action accrued on February 7, 1988 when the union declined to pursue plaintiff's grievance, and that the complaint was filed more than six months later on November 4, 1988
 
 
 [5]
 The original complaint asserted that union representation "is pursuant to a contract [the agreement]," and plaintiff alleged only that the union failed fairly to represent her as a non-probationary union employee under the agreement
 
 
 [6]
 We pass no judgment on whether plaintiff's proposed amendment contains "new" claims or whether such claims may be valid
 
 
 [7]
 We note, in passing, that plaintiff worked, at most, only eight and a fraction weeks during the entire period between November 17, 1987, the date of original hire before lay-offs and a plant closing, and February 4, 1988, when she was terminated. Under any reasonable interpretation of the agreement, plaintiff has a difficult time establishing that she was not still a probationary employee. None of the agencies to which she complained, moreover, found a basis for her charge of wrongful action by either defendant