# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
April 18, 2012 Session

## SANDRA BELLANTI and ALBERT BELLANTI v. CITY OF MEMPHIS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004250-08 Div. IX      Robert L. Childers, Judge**

---

**No. W2011-01917-COA-R3-CV - Filed June 4, 2012**

---

Plaintiff was severely injured when a padlock, which was allegedly thrown from a City of Memphis mower, broke through her vehicle window. Plaintiff and her husband successfully sued the City. On appeal, the City argues, among other things, that the trial court erred in denying its motion to amend its answer to assert the affirmative defense of the Public Duty Doctrine. Because the trial court's order denying the City's motion to amend fails to explain the basis for its denial, we are constrained to remand the case to the trial court for entry of a reasoned explanation of its actions regarding the City's motion to amend its answer.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

J. Michael Fletcher, Memphis, Tennessee, for the appellant, City of Memphis

Thomas E. Hansom, Leigh H. Thomas, Memphis, Tennessee, for the appellees, Sandra Bellanti and Albert Bellanti

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

On September 5, 2007, Sandra Bellanti stopped her Cadillac Escalade SUV at the intersection of Dexter Lane and Dexter Road in Memphis, Tennessee, intending to turn left onto Dexter Road. Meanwhile, the City of Memphis, through its Division of Park Services, mowed a nearby median. As Mrs. Bellanti turned onto Dexter Road, a padlock broke through her drivers' side window, striking her eye. The impact exploded Mrs. Bellanti's eyeball, fractured her skull, and broke her nose in three places. Mrs. Bellanti endured three surgeries, ultimately resulting in the loss of her left eye and its replacement with a prosthetic.

On August 29, 2008, Mrs. Bellanti, along with her husband Albert Bellanti, filed suit against the City of Memphis ("the City"), mower operator Devin D. Douglas in his capacity as a City employee, and mower manufacturer Metalcraft of Mayville, Inc. d/b/a SCAG Power Equipment Division ("Metalcraft"). In their complaint, the Bellantis contended, among other things, that the City had failed to adequately inspect the area to be mowed and that it was negligent in its acquisition, maintenance, and modification of the mower. As a result, the Bellantis maintained, City employee Mr. Douglas caused the padlock to be thrown from the cutting deck of his mower, striking Mrs. Bellanti. Mrs. Bellanti sought $2,000,000.00 in compensatory damages and $500,000.00 in punitive damages and Mr. Bellanti sought $50,000.00 for emotional distress and suffering and for lost services, companionship, consortium and society.

The City filed its answer on October 15, 2008, asserting the following defenses: failure to state a claim upon which relief can be granted, comparative fault, and the Governmental Tort Liability Act. The City's answer further stated that "[t]he City hereby gives notice that it intends to rely upon such other affirmative defenses and/or claims that may become available as the case develops and reserves the right to amend its Answer to assert such defenses and/or claims."

On April 22, 2009, the parties consented to the entry of orders dismissing Mr. Douglas as a party and striking the excessive *ad damnum*. Consequently, the *ad damnum* was reduced to $300,000 for personal injuries and $100,000 for property damages.

Metalcraft filed a motion for summary judgment on June 1, 2009, which the trial court denied on September 21, 2009. Trial was set for May 17, 2010, but on March 9, 2010, the Bellantis moved for a continuance. Without objection, the case was continued to November 15, 2010. On March 29, 2010, a consent scheduling order was entered establishing deadlines for the disclosure of expert witnesses to be called at trial, for the completion of expert

depositions, and for participation in mediation no later than August 27, 2010.

On October 1, 2010, the City filed a motion to amend its answer to assert the additional affirmative defense of the Public Duty Doctrine, which the trial court denied. The trial court likewise denied the City's motion to seek interlocutory review. The City then applied to this Court for extraordinary appeal, which we denied. However, we noted that the amendment issue could be reasserted on appeal following a trial in the cause. On January 11, 2011, Metalcraft was voluntarily dismissed without prejudice.

Following a trial on August 23-24, 2011, the trial court entered an Order of Judgment on August 29, 2011, which included the following relevant findings:[1]

> That the City of Memphis had a duty to the Plaintiffs, that the City breached that duty and that the Plaintiffs have suffered damages legally caused by the City's negligence through the negligence of the City's employees.
>
> That, because it is virtually impossible for one person to [] do a sufficient inspection of a median the size of the median at issue, the City breached its duty by assigning a single crew person to inspect the area before mowing began.
>
> . . . .
>
> That the City knew or should have known that incidents of the type at issue were possible and that such knowledge satisfies the foreseeability requirement.

The trial court entered an Order of Judgment in favor of the Bellantis. It found that Mrs. Bellanti had suffered damages totaling $1,980,000.00, but based upon the damage limitations set forth in the GTLA, it reduced Mrs. Bellanti's damage award to $300,000.00. The trial court also awarded Mr. Bellanti $50,000.00 for emotional distress and suffering; loss of services, consortium, and companionship; and property damage. The City timely appealed.

---

[1]The Order of Judgment specifically incorporated the attached oral findings and conclusions of the trial court.

## II. ISSUES PRESENTED

The City of Memphis presents the following issues for review:

1. Whether the trial court erred in denying the City of Memphis' motion to amend its Answer to affirmatively plead the Public Duty Doctrine;

2. Whether the trial court erred when it failed to find that the claim of the Plaintiffs is barred by the application of the Public Duty Doctrine to the facts presented at trial;

3. Whether the trial court erred in establishing and imposing a standard of care upon the City in its operation of picking up trash and debris prior to mowing medians;

4. Whether the evidence supports a finding that the object was present when the area was picked up or would have been found but for the negligence of the employees of the City;

5. Whether the alleged failure of the employees of the City of Memphis was the legal cause of the accident and resulting injuries to the Plaintiffs; and

6. Whether the City retains immunity under Tenn. Code Ann. § 29-20-205(4) for failure to inspect or negligent inspection.

For the following reasons, we remand the case to the trial court for entry of a reasoned explanation of its actions regarding the City's motion to amend its answer.


## III. STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. **Tenn. R. App. P. 13(d) (2012)**; *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). When the trial court makes no specific findings of fact, we review the record to determine where the preponderance of the evidence lies. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997) (citing *Kemp v. Thurmond*, 521 S.W.2d 806, 808 (Tenn. 1975)). We review a trial court's conclusions of law under a *de novo* standard upon the record with no

-4-

presumption of correctness. ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.,* 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. Leave to Amend

On appeal, the City first argues that the trial court erred in denying its motion to amend its answer to assert the affirmative defense of the Public Duty Doctrine. "The grant or denial of a motion to amend is within the sound discretion of the trial court, and the court's action will be reversed only for an abuse of discretion." ***Sallee v. Barrett***, 171 S.W.3d 822, 825-26 (Tenn. 2005) (citing *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001); *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 237-38 (Tenn. 1993)). "The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011) (citations and quotation omitted).

Tennessee Rule of Civil Procedure 15 governs the amendment of pleadings. ***Sallee***, 171 S.W.3d at 830. The Rule states that after a responsive pleading is served, a party's pleadings may be amended "only by written consent of the adverse party or by leave of court[.]" **Tenn. R. Civ. P. 15.01**. However, "leave shall be freely given when justice so requires." **Tenn. R. Civ. P. 15.01**. "When examining a Tenn. R. Civ. P. 15 Motion to Amend a pleading, the trial court may consider *inter alia* the following factors: lack of notice, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue delay in the filing of the motion, undue prejudice to the opposing party, and futility of the proposed amendment." ***Conley v. Life Care Ctrs. of America, Inc.***, 236 S.W.3d 713, 723-24 (Tenn. Ct. App. 2007) (citing *Hall v. Shelby County Ret. Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995)).

On appeal, the City argues that none of the above-cited factors supports the trial court's denial of its motion to amend. The City maintains that its original answer gave the Bellantis notice of its intention to rely upon affirmative defenses and to seek leave to amend, as it stated that "[t]he City hereby gives notice that it intends to rely upon such other affirmative defenses and/or claims that may become available as the case develops and reserves the right to amend its Answer to assert such defenses and/or claims." The City

points out that it filed only a single motion to amend, and it claims that no suggestion has been made that its motion to amend was made in bad faith. Finally, while the City acknowledges that its motion to amend was filed more than two years after it filed its answer, the City asserts that its delay does not provide grounds for the trial court's denial of its motion to amend. Specifically, the City maintains that the Bellantis would not have been prejudiced by the amendment as they would have "had five months to develop proof to support or defend against the Public Duty Doctrine" and the City claims, without further explanation, that "a review of the record clearly indicates that the City was not dilatory in its defense."

In support of its motion to amend in the trial court, the City submitted both a memorandum and a copy of the case of *Karnes v. Madison County*, W2009-02476-COA-R3-CV, 2010 WL 3716458, at *4 (Tenn. Ct. App. Sept. 23, 2010). It appears that the City attempted to cite *Karnes* as a recent change in the law, characterizing the Public Duty Doctrine as an affirmative defense.[2] The memorandum states:

> Because it directly controverts an essential element of the negligence claim, it is the City's position that the [Public Duty] doctrine is not properly considered an "affirmative" defense. Nonetheless, courts have, upon occasion, referred to the Public Duty doctrine as "affirmative" in nature. Most recently, the [Tennessee][3] Court of Appeals stated that "[t]he doctrine of public duty is a common law affirmative defense that precludes liability for the actions of governmental employees in applicable situations."

---

[2]In *Karnes*, this Court stated that "[t]he doctrine of public duty is a common law affirmative defense that precludes liability for the actions of governmental employees in applicable situations." *Karnes*, 2010 WL 3716458, at *2. However, in *Wells v. Hamblen County*, No. E2004-01968-COA-R3-CV, 2005 WL 2007197, at *3 (Tenn. Ct. App. Aug. 22, 2005), upon which the *Karnes* decision relied, the Eastern Section of this Court also expressly characterized the Public Duty Doctrine as an affirmative defense. Moreover, *Wells* further cited to a 1998 Tennessee Supreme Court decision, *Chase v. City of Memphis*, 971 S.W.2d 380, 385 (Tenn. 1998), and a 2003 Tennessee Court of Appeals decision, *Brown v. Hamilton County*, 126 S.W.3d 43, 48 (Tenn. Ct. App. Aug. 19, 2003), both of which characterized the Public Duty Doctrine as an affirmative defense.

[3]The City repeatedly erroneously refers to the *Karnes* decision as having been rendered by the Sixth Circuit Court of Appeals.

The City then explained that the *Karnes* decision had "sparked an internal review in the Memphis City Attorney's office of all open cases to determine whether there were answers in which this defense should have been pled."

Importantly, the trial court's order does not state the basis for its denial of the City's motion to amend its answer. Instead, it simply provides:

> This cause came to be heard on December 3, 2010 upon written motion of the Defendant City of Memphis to amend its Answer; following oral arguments of counsel for the Defendant City and counsel for the Plaintiffs,[4] from the entire record in this matter, and for good cause shown this Court finds that the motion should be denied.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Defendant City's Motion to Amend Answer is denied.

The Bellantis, however, insist that the trial court found undue delay in the City's motion.

In *Henderson v. Bush Bros. Co.*, 868 S.W.2d 236 (Tenn. 1993),[5] our Supreme Court's Special Workers' Compensation Appeal Panel considered the effect of a trial court's failure to explain its basis for denying a motion to amend. In *Henderson*, the trial court granted the employer's motion for summary judgment without first considering the plaintiff's previously-filed motion to amend his complaint. *Id.* at 237. In its order granting summary judgment, the trial court simply stated that the plaintiff's motion to amend "c[a]me[] to[o] late[.]" *Id.*

Recognizing that Federal Rule of Civil Procedure 15(a) is "essentially the same" as Tennessee Rule of Civil Procedure 15.01, the *Henderson* Court looked to cases applying the Federal Rule. *Id.*

> Rule 15(a) of the Federal Rules of Civil Procedure provides that a party desiring to amend his pleading after a responsive pleading has been served may do so "only by leave of court . . . and leave shall be freely given when

---

[4]A transcript of these arguments is not included in the record before us.

[5]*Henderson* is designated as a memorandum opinion, but it is published in the official reporter and therefore may be relied upon by this Court. *See* **Tenn. Sup. Ct. R. 4**.

justice so requires." The Rules put forth a liberal policy of permitting amendments in order to ensure determination of claims on their merits. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S.Ct. 795, 802-03, 28 L.Ed.2d 77 (1971); *Tefft*, 689 F.2d at 637-38. *An abuse of discretion occurs when a district court fails to state the basis for its denial of a motion* or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

*Id.* (quoting *Ellison v. Ford Motor Company*, 847 F.2d 297 (6th Cir. 1988)) (emphasis added).


Finding "[t]he above reasoning [] persuasive," the *Henderson* Court found that "the trial court must given the proponent of a motion to amend a full chance to be heard on the motion, must consider the motion in light of the amendment policy embodied in T.R.C.P. 15.01, that amendments must be freely allowed; *and in the event the motion to amend is denied, the trial court must give a reasoned explanation for his action*." *Id.* at 238; *see also* **Waters v. Coker**, No. M2007-01867-COA-RM-CV, 2008 WL 4072104, at *6 n.3 (Tenn. Ct. App. Aug. 28, 2008) (emphasis added) (citing *Morse v. McWhorter,* 290 F.3d 795, 799-800 (6th Cir. 2002)) ("In denying leave to amend, abuse of discretion may occur when the court does not state the basis for its denial."). The Court noted that the trial court's order stated that "'the motion to amend comes too late,'" but the Court did "not consider that as being a consideration of the motion or a reasoned explanation for his action[,]" as "[t]here is no time limit that would apply to the motion to amend[.]" *Id.* Accordingly, the Court vacated the grant of summary judgment, and remanded to allow consideration of the plaintiff's motion to amend. *Id.*


In the instant case, the City does not contend that its motion to amend its answer was not fully-considered by the trial court. Moreover, although the City points out that the trial court failed to explain the basis of its denial, the City does not suggest that such failure, alone, constituted an abuse of discretion. However, without any explanation as to why it denied the City's motion to amend its answer, we are unable to properly employ an abuse of discretion review. That is, we cannot determine whether the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." **Wright**, 337 S.W.3d at 176 (citations and quotation omitted). Accordingly, we are constrained to remand the case to the trial court for entry of a reasoned explanation of its actions regarding the City's motion to amend its answer.

We are mindful of the Bellantis' argument that the Public Duty Doctrine may not be applicable to the facts of this case, and therefore, that an amended answer may be futile. However, futility of amendment is a factor the trial court should consider when ruling on a motion to amend, *Conley,* 236 S.W.3d at 724, and thus, a ground that should be expressly enumerated if relied upon. Therefore, we find it inappropriate to consider the applicability of the Public Duty Doctrine at this juncture. Moreover, because the amendment issue may be outcome determinative, we decline to now consider other issues raised by the city: namely, the applicability of the GTLA to the Bellantis' claims and whether the Bellantis demonstrated negligence by the City.

## V. CONCLUSION

For the aforementioned reasons, we remand the case to the trial court for entry of a reasoned explanation of its actions regarding the City's motion to amend its answer. Costs of this appeal are taxed equally to Appellant, the City of Memphis, and its surety, and to Appellees, Sandra Bellanti and Albert Bellanti.

_____

ALAN E. HIGHERS, P.J., W.S.