NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0234n.06

Case No. 16-4001

**FILED**
Apr 24, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KRISSIE GONZALEZ, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TONY KOVACS et al., | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE: MERRIT, GILMAN, and DONALD, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Krissie Gonzalez was indicted for, and later acquitted of, perjury. She then brought suit against the deputy sheriff involved in the investigation leading to her indictment, as well as Lorain County, alleging claims of false arrest and malicious prosecution. A key element of both claims is proof that the defendants lacked probable cause to initiate the charge of perjury. The district court dismissed Gonzalez's complaint, concluding that she had failed to allege any plausible exception to the general rule that an indictment conclusively establishes probable cause for the charge brought against her. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

### I. BACKGROUND

The description that follows is derived from the facts pleaded in and reasonably inferred from Gonzalez's complaint. On June 10, 2010, Gonzalez and her fiancé, James Bailey, were at their home in Columbia Station, Ohio. Gonzalez was making dinner while Bailey shot skeet in the backyard. D.C., Gonzalez's child by her ex-husband Jeremy Ciehanoski, was in the backyard with Bailey. A neighbor's child, R.B., was also present in the backyard.

Unbeknownst to Gonzalez, Bailey retrieved a handgun from the home and fired it at a target on their property. He missed. The bullet traveled past the target and injured a man on a nearby property. A subsequent investigation led the police to conclude that Bailey was responsible for the misdirected gunfire. In conjunction with his investigation of Bailey, Deputy Sheriff Tony Kovacs interviewed Gonzalez, D.C., and R.B. All three interviewees denied that Gonzalez was aware that Bailey possessed or shot the handgun.

Deputy Kovacs also interviewed Ciehanoski, who sought temporary emergency custody of D.C. after learning of the shooting incident. At the hearing on the custody motion, Gonzalez again affirmed that she was unaware that Bailey possessed or discharged a handgun. But D.C. and R.B., in an about-face, testified that Gonzalez did, in fact, know of the handgun and that Bailey had fired it. The children are alleged to have changed their stories because Kovacs manipulated them into doing so for the purpose of ensuring that Ciehanoski would obtain custody of D.C.

Deputy Kovacs and another officer then charged Gonzalez with misdemeanor falsification and obstruction, but both charges were later dismissed without prejudice. In December 2011, however, Gonzalez was indicted for felony perjury and misdemeanor falsification. The felony charge arose specifically from Gonzalez's purportedly false testimony

at the custody hearing at which D.C. and R.B. changed their stories. A jury acquitted Gonzalez of both charges in February 2015.

A year later, Gonzalez filed the instant case against Deputy Kovacs, other officers involved in her arrest, her ex-husband, and Lorain County, Ohio. The individual defendants were charged with false arrest and malicious prosecution, while the County was alleged to be liable on a failure-to-train theory. All the defendants moved to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In her brief responding to the defendants' motion, Gonzalez requested leave to amend in the event that the court deemed her complaint insufficient. She did not, however, file a formal motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.

The district court granted the defendants' motion to dismiss, concluding that Gonzalez had failed to plausibly allege that Deputy Kovacs had knowingly presented false testimony to the grand jury or that the grand-jury proceedings were significantly irregular. Proof of one or the other would be required to rebut the presumption that an indictment establishes probable cause to justify a prosecution. Gonzalez in fact made no allegation that Deputy Kovacs was involved in the grand-jury proceeding at all. The district court also concluded that Gonzalez had failed to allege facts to support a claim against Lorain County for failure to train its law-enforcement officers.

Having disposed of the federal claims in the case, the district court declined to exercise jurisdiction over the remaining state-law claims. The court then dismissed the complaint with prejudice, and did not address the plaintiff's request for leave to amend that was made in her opposition brief.

## II.  DISCUSSION

### A.  Standard of review

We review de novo the dismissal of a plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).  To withstand such a motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### B.  False-arrest and malicious-prosecution claims

Gonzalez has asserted two principal claims at issue in this appeal, both against Deputy Kovacs:  false arrest and malicious prosecution.  She also raises the malicious-prosecution claim against her ex-husband, Ciehanoski.  These claims, as well as the illegal-seizure claims against the John Doe defendants, arise out of her prosecution for felony perjury.  All claims share in common the requirement that Gonzalez must establish that her arrest and prosecution lacked probable cause.  *See, e.g.*, *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (false-arrest claims); *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005) (malicious-prosecution claims).

"[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause."  *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (internal quotation marks omitted).  This presumption can be rebutted where the plaintiff can show that the defendant has "knowingly present[ed] false testimony to the grand jury to obtain an indictment or when [the defendant] testif[ies] with a reckless disregard for the truth."  *Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir. 2016) (internal quotation marks and

citations omitted). Under Ohio law, a grand-jury finding of probable cause can also be rebutted by a showing of significant irregularity in the grand-jury process. *Id.* at 397.

Gonzalez's complaint fails to allege that Deputy Kovacs, Ciehanoski, or the John Doe defendants presented any testimony at all to the grand jury, let alone false testimony. The complaint does allege that Deputy Kovacs and Ciehanoski "manipulated [D.C. and R.B.] to make statements they knew, or had reason to know, were false and misleading," but nowhere is it alleged that either D.C. or R.B. testified before the grand jury, or that Deputy Kovacs or Ciehanoski relayed D.C.'s or R.B.'s "chang[ed] . . . stories" to the grand jury. Ultimately, the complaint acknowledges that the grand jury found the existence of probable cause, and that Gonzalez was accordingly arrested. Gonzalez herself concedes in her brief that she "could not allege facts showing [that the grand-jury] proceedings were significantly irregular or that Kovacs had given false testimony." The complaint consequently fails to state a claim for either false arrest or for malicious prosecution.

Gonzalez argues, however, that because grand-jury testimony is secret and because Rule 11 of the Federal Rules of Civil Procedure prohibits counsel from asserting facts in a pleading that counsel cannot affirm have evidentiary support, she cannot assert anything about the grand-jury proceedings without engaging in discovery. *See* Fed. R. Civ. P. 11(b). We find Gonzalez's argument to be without merit. Other means of determining who testified at the grand-jury proceeding were available to Gonzalez, such as interviewing the children or Deputy Kovacs. Gonzalez simply failed to investigate her claim thoroughly enough to plead the facts necessary to state a claim.

Counsel's failure to adequately investigate a claim does not excuse counsel's obligations under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure to file a factually plausible

complaint.  *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (noting that requiring a complaint's plausibility "does not impose a probability requirement . . . ; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of the claim).  Although overcoming the presumption of grand-jury secrecy might be difficult, grand-jury secrecy cannot act as an excuse to avoid the requirement of the Federal Rules of Civil Procedure that a complaint set forth facts that plausibly state a claim.

## C. *Monell* claim

We now turn to Gonzalez's claim against Lorain County.  A plaintiff may seek damages against a municipality where the municipality has a custom, policy, or practice that resulted in deprivation of the plaintiff's constitutional rights.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).  But Gonzalez's complaint alleges not a single fact that suggests, plausibly or otherwise, that Kovac's alleged misconduct was the result of a custom, policy, or practice of Lorain County.  The district court therefore properly dismissed this count of Gonzalez's complaint.

## D.  Leave to amend

We next reach the issue of whether Gonzalez should have been allowed to amend her complaint.  In her response to the defendants' motion to dismiss, Gonzalez requested leave to amend her complaint in the event that the district court deemed it insufficient.  "[W]hen a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend."  *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004), *abrogated on other grounds in Doshi v. Gen. Cable Corp.*, 823 F.3d 1032 (6th Cir. 2016).  But "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . .—does not constitute a motion within the contemplation of [Federal] Rule [of Civil

Procedure] 15(a)."  *Id.* at 699 (internal quotation marks omitted).  We have also held that an informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend.  *Belaga v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.").

Under these circumstances, the district court had no obligation to either grant Gonzalez's informal request to amend or explain why it took no action on this issue.  We therefore find no abuse of discretion on the part of the district court.

### III.  CONCLUSION

For all of the reasons set forth above, the judgment of the district court is **AFFIRMED**.