NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0199n.06

Case No. 21-5870

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
May 13, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARSHA FORRESTER, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| AMERICAN SECURITY AND PROTECTION | ) | KENTUCKY |
| SERVICE LLC; F. MICHAEL JONES, | ) | |
| Defendants-Appellees. | ) ) | |

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

THAPAR, J., delivered the opinion of the court in which SUTTON, C.J., joined, and WHITE, J., joined in part. WHITE, J. (pp. 9–22), delivered a separate opinion concurring in part and dissenting in part.

**THAPAR, Circuit Judge.** Marsha Forrester's employer required her to report to work 10 to 15 minutes before scheduled shifts. Forrester argues that she should be paid for that time. But her complaint doesn't describe the work she performed. So the district court couldn't determine whether the work was compensable under the Fair Labor Standards Act. It dismissed the complaint for failure to state a claim. We affirm.

I.

American Security and Protection Service LLC is a security firm owned and operated by its CEO, F. Michael Jones. The firm employed Marsha Forrester as a security guard for about eight months in 2019. She was paid hourly. According to Forrester, American Security required

its employees to arrive 10 to 15 minutes before their scheduled shift and sometimes remain 10 to 15 minutes after. Called "pass down," the purpose of this time was to create an overlap between shifts. Forrester describes pass down as involving "several shift-change duties." R. 1, Pg. ID 4. She also alleges that American Security didn't pay her or any employee for this time, didn't keep records of the pass-down time, yet disciplined employees who didn't report early.

Forrester sued American Security and Jones (collectively, American Security) on behalf of a putative class of similarly situated employees alleging violations of the Fair Labor Standards Act (FLSA). The district court dismissed the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Forrester appealed.

## II.

The FLSA imposes certain obligations on employers. They must pay employees a minimum wage and overtime if an employee works more than 40 hours in a week. 29 U.S.C. §§ 206(a)(1), 207(a)(1). They must also keep records of the hours that employees work. *Id.* § 211(c). Forrester alleges that American Security's pass-down practice violated these obligations. She argues that (1) American Security didn't pay her or other employees for pass-down time, (2) she and other employees regularly worked over 40 hours because of the pass-down time and were thus entitled to overtime, and (3) American Security didn't keep records of how long pass down took.

But to proceed on any of her claims, Forrester's complaint must contain facts that show she is entitled to compensation for the pass-down time. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). After all, the FLSA doesn't require employers to pay for every minute employees are at work. And if the time it takes to complete pass down is not compensable under the FLSA, American Security would not need to pay either a minimum wage

or overtime for it. *Cf. Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). Nor would it need to keep records of the time pass down takes. *Cf. id.* at 687–88. In other words, to state a claim for relief, the complaint must allege facts that show pass-down time is compensable.

So is pass-down time compensable? The FLSA does not explain what's compensable. *See Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014). But the Portal-to-Portal Act, which amended the FLSA, exempts (i.e., makes noncompensable) work-related activities that are "preliminary" or "postliminary" to the "principal activity or activities" which the employee is "employed to perform." 29 U.S.C. § 254(a); *see also Busk*, 574 U.S. at 32–33. Thus, pass-down time is not compensable if it is "preliminary" or "postliminary" to Forrester's "principal activities." But that poses another question: What are Forrester's principal activities?

On this point, the Supreme Court's decision in *Integrity Staffing Solutions, Inc. v. Busk* is instructive. 574 U.S. 27 (2014). In *Busk*, an Amazon warehouse worker argued that his employer needed to pay its employees for the roughly 25 minutes it took to go through a mandatory, antitheft security screening each day. *Id.* at 29–31. A unanimous Supreme Court disagreed. It held that the security screening was not a "principal activity" that the employees were "employed to perform." *Id.* at 35 (quoting 29 U.S.C. § 254(a)(1)). It reasoned that the screenings were not "integral and indispensable to the employees' duties as warehouse workers" because they were not "an intrinsic element of retrieving products from warehouse shelves or packaging them for shipment." *Id.* (cleaned up). The Court's analysis turned in part on whether the employer "could have eliminated the screenings altogether without impairing the employees' ability to complete their work." *Id.* And in the case of the security screenings, the Supreme Court found that the employer could have eliminated them.

Here, we must ask whether American Security could have eliminated pass down without impairing Forrester's ability to complete her work. At the motion-to-dismiss stage, we look to the complaint to answer this question. That's because the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And as explained above, Forrester can't show she is entitled to relief unless she shows that pass-down time is compensable.

While the Rule 8 standard doesn't require "detailed factual allegations," it demands more than a naked "the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Indeed, it demands enough factual content to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And in this regard, Forrester's complaint comes up short.

The complaint's only description of pass-down time says it involved "several shift-change duties." R. 1, Pg. ID 4. But what are "shift-change duties"? The complaint doesn't elaborate. In fact, it doesn't provide *any* information about what "pass down" entailed, let alone facts that could help determine whether those duties were an "intrinsic element" of being a security guard. *Busk*, 574 U.S. at 35. So the complaint leaves us wondering whether American Security could have eliminated pass down without impairing Forrester's ability to complete her work. *See id.* And without an answer to this question, Forrester can't show that pass-down time is compensable. Thus, the complaint doesn't show Forrester has a claim for relief. The district court correctly dismissed her complaint.

Forrester disagrees. She suggests that "pass down" is a term of art in the security-work context. She cites a slew of cases detailing what pass down requires in other contexts and argues that American Security knows what the term means. But Forrester never made these arguments

before the district court. And we generally won't entertain arguments made for the first time on appeal. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614–16 (6th Cir. 2014). In any event, these arguments are irrelevant. We are a generalist court. We aren't familiar with pass down, and we may not look to other cases to help us figure out the intricacies of every industry that comes before us. Instead, we begin and end with the complaint. *See Iqbal*, 556 U.S. at 679; *cf. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). And Forrester's complaint doesn't even attempt to detail her pass-down responsibilities. As a result, it doesn't provide "a short and plain statement" showing that Forrester has a claim for relief. Fed. R. Civ. P. 8(a)(2).

Forrester also argues that American Security's website describes the relevant work and shows security guards performing pass down. She suggests that because the website is referenced in the complaint, we may consider its contents. But the complaint merely provides a link to American Security's website in a footnote after introducing the firm as a defendant. It does not tie the website to the allegations of pass down. Forrester cannot expect us or the district court to mine the company's website for facts that she didn't point to in her complaint. Judges "are not like pigs, hunting for truffles" that might be buried in the pleadings—let alone buried in a website buried in a pleading. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1163 (6th Cir. 2021) (cleaned up).

In sum, Forrester hasn't pointed to facts in her complaint that suggest she is entitled to compensation for pass-down work. As a result, she hasn't stated a claim for relief. The district court properly dismissed her complaint.[1]

---

[1] Forrester also argues that American Security's motion to dismiss was untimely, and the district court "improperly went beyond" Forrester's complaint and "accepted American Security's unsupported factual allegations" by considering it. Appellant's Br. 23 n.59. But this argument appears in a single sentence in a footnote in Forrester's

The dissent disagrees and says that Forrester adequately pled facts that suggest pass-down time is compensable. It points to Forrester's allegation that pass down "constituted a part of [her] principal activities, was required by Defendants, and was performed for Defendants' benefit." Dissenting Op. at 11 (quoting R. 1, Pg. ID 5). And it highlights Forrester's claim that "this unpaid work was an integral and indispensable part of other principal activities performed by [Forrester], and that employees were disciplined if they did not report early for pass down." *Id.* (quoting R. 1, Pg. ID 5). But the relevant portion of these excerpts are not facts; they are legal conclusions. Indeed, whether pass down was a principal activity or an "integral and indispensable part of other principal activities" determines whether the time is compensable. *See Busk*, 574 U.S. at 35. So we can't accept as true Forrester's "naked assertion" that these legal factors are met. *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) ("A legal conclusion couched as a factual allegation is not entitled to the presumption of truth." (cleaned up)).

Nor do the other facts support these legal conclusions. As we discussed above, in *Busk*, the employer required employees to go through security screenings before leaving the Amazon warehouse each day. *Busk*, 574 U.S. at 29. Those screenings were to benefit the employer and no doubt employees could be punished for refusing to comply. Still, the Supreme Court held that the screenings were not compensable. The Court explicitly rejected as "overbroad" a test that turned on whether the employer required an activity or whether the activity was performed to benefit the employer. *Id.* at 36. True, *Busk* did not concern the level of detail required to plead an FLSA violation. *See* Dissenting Op. at 13. But without more facts here, it's impossible to determine

---

brief. She does not point us to the legal standard nor develop the argument in any meaningful way. So she's forfeited that argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (cleaned up)).

whether pass-down duties are any different from the security screenings in *Busk*. That means Forrester hasn't stated a plausible claim for relief.

III.

The district court also denied Forrester's request for leave to amend her complaint. Forrester argues that decision was an abuse of discretion. *See Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). We disagree.

American Security's motion to dismiss outlined the complaint's primary deficiency: namely, that it didn't allege facts showing Forrester performed compensable work during pass down. Forrester had 21 days from the time she was served with American Security's motion to amend her complaint as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). She easily could have done so to detail her pass-down duties. But she missed the deadline. So she requested the court's leave to amend in her response to American Security's motion. *See* Fed. R. Civ. P. 15(a)(2) (requiring "the opposing party's written consent or the court's leave" to file an amended complaint after the 21-day deadline). She didn't file a formal motion, provide a proposed amended complaint, or explain how an amendment could save her claims. She simply requested leave in the event the court granted American Security's motion. The district court denied her request, explaining that Forrester never filed a formal motion despite having "ample time" (over six months) to do so. R. 20, Pg. ID 154 (citing *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)).

The district court was within its discretion to deny Forrester's request. Indeed, we have held that a district court may deny leave to amend when the plaintiff "neither moved formally to amend nor proffered a proposed amended complaint." *United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 197 (6th Cir. 2021); *see also Begala*, 214 F.3d at 783–84. Forrester did neither here. So this case is no different.

The dissent disagrees. It emphasizes Rule 15's dictate that courts should "freely give leave" to amend "when justice so requires." Dissenting Op. at 19 (quoting Fed. R. Civ. P. 15(a)(2)). But that's precisely the issue; a district court must be able to determine whether "justice so requires." And it can't do so without some idea of "what [the plaintiff] might plead to save her claim[s]." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 552 (6th Cir. 2008). That's why a district court doesn't abuse its discretion when it denies leave to amend if the plaintiff hasn't proposed an amended complaint or given any "indication of the particular grounds on which amendment is sought." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (citation omitted). That's true even when the plaintiff hasn't previously amended and when the plaintiff seeks leave before judgment has been granted for the defendants. *See, e.g.*, *Youngblood v. Bd. of Comm'rs*, 847 F. App'x 267, 271 (6th Cir. 2021). Forrester never provided the district court with an amended complaint. Nor did she explain how an amendment might save her claims. Even on appeal, she doesn't describe facts that would allow us to conclude she has a claim for relief. So the district court did not abuse its discretion.

\* \* \*

We affirm.

**HELENE N. WHITE, Circuit Judge, concurring in part and dissenting in part.**

I concur in the affirmance of the dismissal of the recordkeeping claim. However, because Forrester has plausibly alleged that American Security failed to compensate her for overtime work and work performed during pass-down time, and, alternatively, the district court abused its discretion in denying Forrester leave to amend her complaint, I respectfully dissent from the remainder of the majority opinion.

**I.**

We review de novo the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *In re: Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 905 F.3d 387, 394 (6th Cir. 2018). In doing so, we "construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded factual allegations as true." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 887 (6th Cir. 2020) (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)). The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (second alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Moreover, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is "appropriate only if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Doe v. Mich. State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021) (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

**II.**

The majority concludes that Forrester failed to allege sufficient facts to show that pass-down time is compensable because she did not define "pass down" in her complaint beyond a nebulous reference to "several shift-change duties," R.1, PID 4 (¶ 29), and that this omission is fatal to Forrester's claims for pass-down compensation and overtime based on pass-down time. I disagree.

**A.**

**1.**

The FLSA "established a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014). Under the Act's overtime requirement, "employees must be compensated at one and one-half times their regular rate for overtime work." *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 486 (6th Cir. 2006); *see also* 29 U.S.C. § 207(a)(1). But the FLSA does not define the terms "work" or "workweek." *See Busk*, 574 U.S. at 31.

Without guidance from Congress, the Supreme Court "interpreted those terms broadly." *Id.* For example, it defined "work" as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Id.* (quoting *Tenn. Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 321 U.S. 590, 598 (1944)). And it defined "the statutory workweek" as including "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a

prescribed workplace." *Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690–91 (1946)).

But Congress responded to these expansive interpretations by passing the Portal-to-Portal Act of 1947, under which "an employee's principal activities are compensable, while conduct he engages in before and after those activities (i.e., preliminary and postliminary acts) is not." *In re Amazon.com, Inc.*, 905 F.3d at 396–97 (citation omitted). "Accordingly, not all activities an employee performs are necessarily compensable." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 45 (1st Cir. 2013). "[T]o survive a motion to dismiss," then, a plaintiff "must allege sufficient factual matter to state a plausible claim that [the plaintiff] worked *compensable* overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (emphasis added).

Although Forrester's complaint is neither comprehensive nor a model of clarity, she has adequately alleged that pass-down activities are compensable. Forrester alleges that she was employed by American Security as a non-exempt, hourly security worker. Additionally, she explains that pass down involved "several shift-change duties." R.1, PID 4 (¶ 29). Although, as the majority observes, this description leaves much to be desired, she further alleges that pass down "constituted a part of [her] principal activities, was required by Defendants, and was performed for Defendants' benefit." *Id.*, PID 5 (¶ 36). She further claims that "this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff," *id.* (¶ 37), and that employees were disciplined if they did not report early for pass down. Forrester's allegation that pass down included several shift-change duties, when combined with her specific job title and the allegations that pass down constituted part of her principal activities, is enough to "give the defendant[s] fair notice" of her overtime claim "and the grounds upon which it rests." *Twombly*,

550 U.S. at 555; *see also Cooley v. HMR of Ala., Inc.*, 747 F. App'x 805, 807–08 (11th Cir. 2018) (per curiam) (holding that allegations that nursing home employees were required to "care for patient needs" and "tend[] to patients," when accompanied by "each employee's specific job title" and list of weeks in which they worked more than forty hours, "plausibly suggest" that plaintiffs were entitled to relief).

To be sure, Forrester did not include a detailed description of her duties as a security worker or the tasks she performed during pass down. But "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555; *see also Manning*, 725 F.3d at 46 ("The fact that this assertion [that plaintiffs engaged in compensable work] is not accompanied by a detailed list of each and every activity the plaintiffs and their fellows performed without compensation does not mandate the complaint's dismissal. Work is work, after all, and we see no reason to demand such exhaustive detail.") (internal quotation marks and citation omitted). Indeed, we have stated that "it would be 'inaccurate to read [*Twombly* and *Iqbal*] so narrowly as to be the death of notice pleading and we recognize the continuing viability of the 'short and plain' language of Federal Rule of Civil Procedure 8.'" *Keys*, 684 F.3d at 609 (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012)); *see also Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007) ("*Iqbal* . . . held that *Twombly*'s plausibility standard did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims."). Here, the factual allegations in Forrester's complaint are sufficient to enable us to "draw the necessary inference" that Forrester engaged in compensable work. *Keys*, 684 F.3d at 610.

The majority's reliance on *Busk* for the proposition that Forrester's complaint fails because she did not adequately explain the meaning of pass down is misplaced. In *Busk*, the Supreme

Court unanimously held that the FLSA did not require Amazon to compensate warehouse workers for time spent waiting to undergo and actually undergoing security screenings. 574 U.S. at 30, 35. It reasoned that such activities were not "integral and indispensable to the principal activities" the warehouse workers were "employed to perform"; thus, they were non-compensable postliminary activities under the Portal-to-Portal Act. *Id.* at 35. But *Busk* did not concern the level of detail required to plead a violation of the FLSA. It did not, for example, explain whether a complaint will withstand dismissal where, as here, a plaintiff alleges his or her job title, provides a generic description of the uncompensated overtime activities performed, and claims that such activities are a part of the plaintiff's principal activities and are integral to the plaintiff's work.

In *Busk*, the pleadings established that the plaintiffs' principal duties—"retriev[ing] products from warehouse shelves and packag[ing] those products for shipment to Amazon customers"—did not include the allegedly compensable end-of-shift security screenings in which employees removed personal items from their persons and passed through metal detectors before leaving the warehouse. *Id.* Based on these factual allegations, the Court held the plaintiffs did not state a claim for compensation under the FLSA. Here, Forrester's pleadings do not negate her claims for relief.

It is no answer to assert that "without more facts here, it's impossible to determine whether pass-down duties are any different from the security screenings in *Busk*." Majority Op. at 7. The relevant question is whether the activity is "integral and indispensable to the principal activities" the employee is employed to perform. *Busk*, 574 U.S. at 33. Cases such as *Cooley* and *Manning*, which did address FLSA pleading requirements, instruct that detailed descriptions of an employee's overtime activities are not required to withstand a motion to dismiss. *See Cooley*, 747 F. App'x at 807–08; *Manning*, 725 F.3d at 46. All that is required is a "short and plain

statement of the claim." Fed. R. Civ. P. 8(a)(2). Forrester has pleaded sufficient facts that, informed by our "judicial experience and common sense," *Keys*, 684 F.3d at 610, allow us to "draw the reasonable inference," *Iqbal*, 556 U.S. at 679, that Forrester's overtime activities are compensable. Again, unlike in *Busk*, Forrester's complaint does not negate her claim.

In sum, Forrester has alleged sufficient facts showing that pass-down time is compensable.

**2.**

Because Forrester adequately alleged that she performed compensable work, I address whether she pleaded sufficient facts to support the other aspects of her overtime claim. The district court observed that Forrester failed to allege "any information about the specific weeks that she worked overtime, the length of her average workweek during the applicable period, or an approximation of the number of overtime hours worked." R.20, PID 147. Although this court has not previously had occasion to address the standard for pleading FLSA claims post-*Twombly*, Forrester's claim passes muster under the approach taken by the First, Second, Third, Fourth, and Ninth Circuits.

"Courts are divided as to the level of detail an FLSA overtime claimant must provide to overcome a Rule 12(b)(6) motion to dismiss." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 776 (4th Cir. 2017) (collecting cases); *see also Landers v. Quality Commcn's, Inc.*, 771 F.3d 638, 641 & n.1 (9th Cir. 2014) (collecting cases).

A growing number of circuits have "adopted a more lenient approach, requiring plaintiffs only to 'sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" *Hall*, 846 F.3d at 776 (quoting *Lundy*, 711 F.3d at 114). This standard comes from the Second Circuit's decision in *Lundy*, affirming the dismissal of the plaintiffs' FLSA overtime claims for "failure to allege uncompensated work in excess of 40 hours

in a given week." 711 F.3d at 113. The court closely parsed the language of the complaint, concluding that the allegations "supply nothing but low-octane fuel for speculation." *Id.* at 115. For example, one plaintiff alleged that she was "typically" scheduled to work three shifts per week for a total of 37.5 hours, and that she "occasionally" worked an additional shift of 12.5 hours or slightly longer, "but how occasionally or how long, she does not say; nor does she say that she was denied overtime pay in any such particular week." *Id.* at 114–15. Similarly, another plaintiff alleged that she "typically" worked four shifts per week for a total of 30 hours, and that "approximately twice a month" she worked "five to six shifts" instead of the customary four, for a total of between 37.5 and 45 hours. *Id.* at 115. However, like the other plaintiff, she did not "allege that she was denied overtime pay in a week where she worked these additional shifts." *Id.*

The Second Circuit subsequently explained in *Nakahata v. New York—Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013), that the purpose of *Lundy*'s requirement of alleging overtime work without compensation in a given week was to "provide sufficient detail about the length and frequency of the[] unpaid work to support a reasonable inference that [the plaintiff] worked more than forty hours in a given week." *Id.* at 201. However, it emphasized that *Lundy* "does not require an approximate number of overtime hours" worked. *Id.* at 201 n.10. In an attempt to further elucidate this standard, the Second Circuit stated that the "given" workweek requirement "was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). The Second Circuit declined to adopt any requirement requiring plaintiffs to "keep careful records and plead their hours with

mathematical precision"; rather, the standard it set forth required plaintiffs to draw on their "memory and experience" in pleading their claims. *Id.*

As previously noted, the First, Third, Fourth, and Ninth Circuits have adopted or applied the *Lundy* standard. *See Manning*, 725 F.3d at 46 (applying *Lundy* and holding that plaintiffs alleged sufficient facts to survive dismissal); *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 241–43 (3d Cir. 2014); *Landers*, 771 F.3d at 644–45; *Hall*, 846 F.3d at 777. The Sixth Circuit, however, has not yet decided the appropriate standard for pleading an FLSA overtime claim.[1]

Forrester's complaint meets the *Lundy* standard and a reasonable application of *Iqbal* and *Twombly* as well. In addition to the allegations describing what pass-down time involved and when, how frequently, and by whom it was performed, Forrester's complaint makes the following allegations as part of her overtime claim:

> 39. Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.
>
> 40. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.
>
> 41. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

R.1, PID 5.

---

[1] District courts within the Sixth Circuit have generally favored the more lenient approach of the First, Second, Third, Fourth, and Ninth Circuits. *See, e.g.*, *Wesley v. Accessible Home Care*, No. 5:18-200-DCR, 2018 WL 2709318, at *2 (E.D. Ky. June 5, 2018); *Comer v. Directv, LLC*, No. 2:14-cv-1986, 2016 WL 853027, at *9 (S.D. Ohio Mar. 4, 2016) (stating that "courts in the Sixth Circuit have rejected attempts to tighten the post-*Twombly/Iqbal* pleading standard under the FLSA."); *Mabry v. Directv, LLC*, No. 3:14-cv-00698-JHM, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015) (noting that "[d]istrict courts in the Sixth Circuit confronting the issue of whether to embrace the First, Second, Third, and Ninth Circuit's holdings have adopted a more lenient course in determining what facts must be pled to state a plausible FLSA claim.") (quoting *Adams v. Diversicare Leasing Corp.*, No. 14-2990, 2015 WL 4208779, at *5 (W.D. Tenn. July 10, 2015)); *Doucette v. DIRECTV, Inc.*, No. 2:14-cv-02800-STA-tmp, 2015 WL 2373271, at *7 (W.D. Tenn. May 18, 2015) (observing that courts adopting this approach often "rely on the FLSA's mandate that employers, rather than employees, keep records of wages, hours, and other employment data.").

Although Forrester does not approximate the number of hours she worked overtime, "[d]etermining whether a plausible [overtime] claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679). Here, Forrester's allegations were sufficient.

Forrester also adequately alleged a "given" workweek in which she both worked forty hours and performed overtime work that was not compensated. *See id*. In *Manning*, the First Circuit held that plaintiffs who alleged that "they were regularly scheduled for forty-hour/week shifts" plausibly stated an overtime claim, stating that "[a]ny time that they worked during meal breaks, before or after their shifts, and in training periods, would thus entitle them to overtime compensation." 725 F.3d at 46. Even a plaintiff who alleged that she "was scheduled for a forty-hour week shift 'at least once a year' after her regular hours changed" plausibly stated a claim, where the complaint's "basic thrust is that defendants' pay practices *continuously* required BMC employees to work time for which they did not receive compensation." *Id.* Forrester makes similar allegations here. In addition to asserting that she "routinely" worked forty or more hours per workweek, Forrester alleges that she and other similarly situated employees "performed this unpaid work [pass down] every workday, and it constituted a part of their fixed and regular working time." R.1, PID 4 (¶ 34). Further, this work occurred in the ten to fifteen minutes before a security worker's scheduled shift.

Forrester has alleged sufficient facts to "nudge" her claim "from conceivable to plausible." *Dejesus*, 726 F.3d at 90. At the very least, her allegations adequately placed American Security on notice that she was bringing an overtime claim. Accordingly, I would reverse the dismissal of Forrester's overtime claim.

**B.**

Forrester also adequately stated a claim for compensation for pass-down time. In alleging that American Security failed to compensate her for pass-down time, Forrester essentially claims that American Security failed to pay her a minimum wage for all hours worked. Under the FLSA, employers are required to pay their employees a minimum wage for all hours worked in a workweek. 29 U.S.C. § 206(a); *see also Stein v. HHGREGG, Inc.*, 873 F.3d 523, 536 (6th Cir. 2017). As previously discussed, Forrester adequately alleged that she engaged in compensable work during pass-down time. The question, then, is whether she alleged sufficient facts supporting an inference that American Security failed to "pay the minimum wage for all hours worked in a given pay period." *Stein*, 873 F.3d at 537.

The complaint comfortably meets this requirement. Specifically, Forrester alleges that American Security required employees to report to work ten to fifteen minutes early for pass down, but that they "were not paid any amount for the pre-shift 'pass down' work." R.1, PID 4 (¶¶ 29–30). Those who refused to report and perform the work were disciplined, and employees were often required by American Security to stay late to perform pass down. "[W]hether arriving early or staying late, one or both security workers engaged in pass down was not being paid for the time." *Id.* (¶ 33). These allegations give rise to the plausible inference that American Security violated the FLSA's minimum wage requirement. *See Stein*, 873 F.3d at 538 (holding that plaintiffs adequately stated minimum wage and overtime claims under the FLSA where they alleged that management "approved of, and sometimes encouraged employees to work 'off the clock.'"). For these reasons, I would also reverse the dismissal of Forrester's compensation claim for pass-down time.

**III.**

The majority holds that the district court properly exercised its discretion in denying Forrester leave to amend, reasoning that she did not formally move to amend the complaint. I disagree. This approach elevates form above all else and undermines the principle that cases should be tried on their merits.

When granting a motion to dismiss, a court will generally permit the non-moving party an opportunity to amend the complaint. *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004), *abrogated in part on other grounds by Frank v. Dana Corp.*, 646 F.3d 954, 961 (6th Cir. 2011)). And rightly so; Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule "is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999) (internal quotation marks omitted); *see also* 6 Wright & Miller, Fed. Prac. & Proc. § 1473 (3d ed.) (commenting that "Rule 15(a) . . . reinforces one of the basic policies of the federal rules—that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits."); *cf. Foman v. Davis*, 371 U.S. 178, 181 (1962) (stating that avoiding decisions on the merits "on the basis of . . . mere technicalities" is "contrary to the spirit of the Federal Rules of Civil Procedure").

Although parties most commonly seek leave to amend through a motion, "no specific procedure is set forth in Rule 15 for amendments." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing 6 Wright & Miller, Fed. Prac. & Proc. § 1485 (1971 & 1981 Cum. Supp.)). Similarly, the Local Rules of the U.S. District Court for the Western District of Kentucky, where Forrester brought this action, contain no special provision regarding the proper method for

seeking leave to amend a complaint. *See generally* Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky, https://www.kywd.uscourts.gov/sites/kywd/files/local_rules/KY_Amended_Civil_Rules_10-7-2020.pdf. The absence of a formal requirement notwithstanding, the district court denied Forrester's request for leave on the ground that "an informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend." *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017).

That is true, but "a variety of methods have been recognized as sufficient" for seeking leave to amend. *Tefft*, 689 F.2d at 639. In *Tefft*, for example, we reversed the district court's denial of leave to amend where the plaintiff never sought leave through a formal motion. *Id.* at 639–40. We reasoned as follows:

> It is obvious that the facts set forth in [the] original complaint would support a cause of action for a constitutional tort, as well as assault and battery, and [plaintiff]'s attempt to amend his complaint is plain from the language of the memorandum in opposition to the motion for summary judgment. The amended cause of action is not so different as to cause prejudice to the defendants, nor do we find the delay particularly "undue" considering the course of this case through a prior appeal to this Court.

*Id.* at 639 (footnotes omitted). As previously discussed, Forrester's complaint, although leaving much to be desired, plausibly alleges that American Security is liable for violating the FLSA's overtime and minimum-wage provisions. Forrester's request for leave to amend is also evident in the language of her opposition to the motion to dismiss; her request is contained under a separate, bolded heading, cites Rule 15(a)(2), and urges the court to "grant Plaintiff leave to amend" should the court grant American Security's motion to dismiss. R.16, PID 117–18. And it is evident from her brief on appeal that were she granted leave to amend, Forrester would add additional allegations demonstrating that pass down is compensable by further explaining what pass down

means. *See* Appellant Br. at 23–24 ("As outlined above, 'pass on' and 'pass down' are terms that carry independent and substantive meaning in their ordinary use, just like driving, cleaning, and stocking. American Security knew exactly what 'pass down' means, what Forrester's claims were, and that the claims are plausible. . . . Forrester's Complaint provided sufficient details to reasonably calculate unpaid overtime. And it was unforeseeable that the District Court would ignore Forrester's well-pleaded allegations, including providing information concerning security work performed and the details to estimate unpaid overtime."). Finally, there has been no suggestion by American Security—either in the district court or on appeal—that granting Forrester leave to amend would have been prejudicial.

Our decisions in *Chandler* and *Begala v. PNC Bank, Ohio, National Association*, 214 F.3d 776 (6th Cir. 2000), relied on by the district court below, are not to the contrary. Both *Chandler* and *Begala* are distinguishable on their facts. In *Chandler*, the plaintiffs had already amended their complaint once before. 364 F.3d at 699. Moreover, in both cases, the plaintiffs sought leave to amend *after* judgment had already been granted to the defendants. *See Chandler*, 364 F.3d at 698–99; *Begala*, 214 F.3d at 784, 778. In *Begala*, the request to amend did not come until after the plaintiffs had filed a notice of appeal. 214 F.3d at 784. We recognized that in the "post-judgment setting," this court must "take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Chandler*, 364 F.3d at 698–99. Here, however, Forrester made her request while the court was considering the motion to dismiss, and judgment was not entered against Forrester until almost six months after briefing on the motion to dismiss was complete. In short, *Chandler* and *Begala* are inapposite.

In denying Forrester's request for leave to amend, the district court also asserted that she had had "ample time" to file a formal motion to amend. R.20, PID 154. Almost six months elapsed

from the time briefing on the motion to dismiss was complete and the issuance of the district court's opinion. But we have cautioned that "[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself[,] to disallow an amendment of a pleading." *Tefft*, 689 F.2d at 639 n.2. Although at some point delay will become undue or prejudicial, placing unwarranted burdens on both the court and the opposing party, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (6th Cir. 1984), the district court did not find—and American Security does not argue, either below or on appeal—that any delay in Forrester's request for leave to amend was prejudicial. In any event, the request was made as part of Forrester's response to the motion to dismiss, and was pending as part of the motion throughout the six-month period.

The district court therefore abused its discretion in denying Forrester leave to amend her complaint.

## IV.

For the foregoing reasons, I would reverse the dismissal of Forrester's overtime and minimum wage claims. I would also hold that the district court abused its discretion in denying Forrester leave to amend her complaint. However, I join the majority's opinion to the extent it affirms the dismissal of Forrester's recordkeeping claim.