NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0423n.06

No. 22-5259

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| BRANDON BODDY, )<br><br>        Plaintiff-Appellant, )<br> )<br>v. )<br> )<br>CITY OF MEMPHIS, TENNESSEE; )<br>DEKEVIOUS KINSLER, in his official and )<br>individual capacity; and WALTER CARTER, )<br>in his official and individual capacity, )<br> )<br>        Defendants-Appellees. )<br> )<br> ) | **FILED**<br>Oct 21, 2022<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE WESTERN<br>DISTRICT OF TENNESSEE<br><br><br>OPINION |

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** In this 42 U.S.C. § 1983 action, Brandon Boddy appeals the district court's dismissal of his federal civil rights claims against the City of Memphis and police officers Dekevious Kinsler and Walter Carter. The district court found that Boddy failed to state a claim against the City because he had not plausibly alleged the existence of a municipal policy or custom that caused his alleged injuries, and that his claims against the officers in their official capacities were equivalent to claims against the City and thus failed for the same reason. For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Boddy alleges that in September 2018, a disagreement arose between several people in his home in Memphis, Tennessee. R. 1 (Compl. ¶¶ 9–11) (Page ID #4). The dispute concerned whether Boddy's girlfriend's minor sister would stay at Boddy's home with Boddy and his

girlfriend or return home with her mother. *Id.* at ¶ 12 (Page ID #4). Eventually, the police were called. *Id.* at ¶ 23 (Page ID #5). Kinsler and Carter arrived at Boddy's residence and spoke with Boddy outside. *Id.* at ¶¶ 23–25 (Page ID #5). The officers asked for permission to search Boddy's house, which Boddy refused, and then they asked Boddy to wait inside. *Id.* at ¶¶ 27, 33, 39 (Page ID #6–7). Boddy chafed at the officers' directive, protesting that he was entitled to stand in his own yard. *Id.* at ¶ 40 (Page ID #7). This stalemate was broken when one of the officers attempted to reach out and grab Boddy. *Id.* at ¶ 46 (Page ID #7). Boddy reacted by stepping back, turning sideways, and holding his hands in the air, but Kinsler and Carter then forced him to the ground. *Id.* Boddy immediately felt pain in his right arm and yelled "you broke my arm!" *Id.* at ¶ 47 (Page ID #7). Despite Boddy's protestation that he could not move his arm, Kinsler and Carter forced his arms behind his back, placed him in handcuffs, used his injured arm to pull him off the ground, and placed him in their patrol car. *Id.* at ¶ 50 (Page ID #8). The officers later took Boddy to a hospital, where he was diagnosed with a broken wrist. *Id.* at ¶¶ 57, 59 (Page ID #8–9). Boddy was told the following day that all charges against him had been dismissed. *Id.* at ¶ 63 (Page ID #9).

Boddy filed suit in March 2019, asserting several federal civil rights and state law tort claims. Boddy brought claims for false arrest, retaliation, excessive force, and failure to intervene against Kinsler and Carter in their official and individual capacities pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* at ¶¶ 65–117 (Page ID #9–16). Boddy brought a separate § 1983 claim against the City, alleging that it failed to supervise and train its police officers and had a policy, procedure, practice, or custom of allowing its police officers to commit constitutional rights violations. *Id.* at ¶¶ 118–

30 (Page ID #16–18). In addition to these federal claims, Boddy purported to assert negligence and other state tort claims against the defendants. *Id.* at ¶¶ 1, 3 (Page ID #1, 2).[1]

The City moved for judgment on the pleadings, arguing that Boddy's federal claims were conclusory and bereft of factual support and that his state claims were barred by sovereign immunity. R. 32 (10/28/19 Def. Mot. at 9–12, 14–15) (Page ID #167–70, 172–73). The district court agreed and granted the City's motion. R. 38 (07/28/20 Dist. Ct. Op. at 18) (Page ID #219). Boddy appealed the district court's decision, R. 39 (07/31/2020 Notice of Appeal) (Page ID #220), but we dismissed the appeal for lack of appellate jurisdiction, observing that Boddy's claims against Kinsler and Carter had not been addressed in the district court's decision and thus remained pending, *Boddy v. City of Memphis*, No. 20-5886 (6th Cir. Nov. 30, 2020) (order).

In June 2021, Boddy voluntarily moved to dismiss his claims against Kinsler and Carter without prejudice, and the district court granted the motion. R. 44 (06/30/21 Pl. Mot. at 1) (Page ID #231); R. 45 (06/30/21 Dist. Ct. Order at 1) (Page ID #233). Boddy then filed a second appeal of the district court's order granting the City's motion for judgment on the pleadings. R. 46 (07/06/21 Notice of Appeal) (Page ID #234). We again dismissed Boddy's appeal for lack of appellate jurisdiction. *Boddy v. City of Memphis*, No. 20-5886 (6th Cir. Dec. 14, 2021) (order). We explained that the district court's order granting Boddy's motion to dismiss his claims against Kinsler and Carter without prejudice did not create a final appealable decision under 28 U.S.C. § 1291. *Id.* at 2 (citing *Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 425 (6th Cir. 2021)).

---

[1]The complaint does not clearly identify any state tort claims. The defendants and district court construed the complaint to assert claims for negligence, false imprisonment, false arrest, and intentional and negligent infliction of emotional distress. R. 32 (10/28/19 Def. Mot. at 14–15) (Page ID #173–74); R. 38 (07/28/20 Dist. Ct. Op. at 15) (Page ID #216).

Following Boddy's second unsuccessful appeal, the district court ordered Boddy to show cause why his claims against Kinsler and Carter should not be dismissed with prejudice. R. 49 (01/20/22 Dist. Ct. Order at 2–3) (Page ID #242–43). Boddy then moved to reopen the case as to Kinsler and Carter in their official capacities only. R. 52 (02/01/22 Pl. Mot. at 3) (Page ID #248). After the district court granted Boddy's motion, R. 55 (02/22/22 Dist. Ct. Order at 2) (Page ID #252), Kinsler and Carter moved to dismiss Boddy's official-capacity claims, the only claims remaining in the case, for failure to state a claim, arguing that the claims were equivalent to claims against the City and that the district court had already resolved those claims in the City's favor, R. 58 (03/09/22 Def. Mot. at 3) (Page ID #256). The district court again agreed with the defendants, granting their motion and dismissing Boddy's claims against Kinsler and Carter in their official capacities with prejudice. R. 60 (03/24/22 Dist. Ct. Op. at 5) (Page ID #266). The district court also found that Boddy had not shown cause why his claims against Kinsler and Carter in their individual capacities should not be dismissed and dismissed those claims with prejudice. *Id.* Boddy filed a third—and timely—notice of appeal. R. 62 (03/30/22 Notice of Appeal) (Page ID #268).

## II. ANALYSIS

On appeal, Boddy challenges the district court's dismissal of his § 1983 claims against the City and Kinsler and Carter in their official capacities.[2] We find no error in the district court's analysis of these claims, and therefore affirm its dismissal of the claims with prejudice.

---

[2]The defendants devote a portion of their brief to defending the district court's dismissal of Boddy's state tort claims. (Appellees Br. 34–38). Boddy has not challenged that portion of the district court's decision, and we therefore decline to address the issue further. *See Bidwell v. Univ. Med. Ctr., Inc.*, 685 F.3d 613, 617 (6th Cir. 2012).

## A.  Standard of Review

We review a district court's decision dismissing a case, whether pursuant to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), de novo.  *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  To survive either motion, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When evaluating the viability of a plaintiff's claims, we must accept as true all well-pleaded factual allegations contained in the operative complaint.  *Id.*  That said, we need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Id.*

## B.  Municipal Liability Claim

We begin with Boddy's § 1983 claim against the City of Memphis.  "To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom."  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978)).  "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following:  (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights

violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Boddy's claim rests on the City's alleged inadequate training and tolerance of federal civil rights violations.

Here, Boddy has failed to allege "a single fact that suggests, plausibly or otherwise, that" Kinsler and Carter's alleged misconduct was the result of a custom, policy, or practice of the City. *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 698 (6th Cir. 2018) (quoting *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017)). Boddy's complaint is filled with conclusory assertions that the City does not train or supervise its police officers and sanctions a wide variety of illegal police practices, ranging from the use of excessive force to the failure to discharge officers who have repeatedly used excessive force. R. 1 (Compl. ¶ 123) (Page ID #17). The complaint is bereft, however, of any factual allegations that could plausibly support these sweeping assertions. Boddy does not allege a single fact related to the training the City provides its police officers, any prior incidents involving comparable uses of force by Kinsler, Carter, or other Memphis police officers, or anything else that would plausibly suggest that the City maintained a policy or custom that contributed to the alleged deprivations of Boddy's constitutional rights. Accordingly, the district court properly dismissed Boddy's § 1983 claim against the City.

Boddy argues that his municipal liability claim is being held to a heightened pleading standard that is inappropriate in this civil rights case. As a preliminary matter, the nature of Boddy's challenge is not entirely clear. Boddy appears to suggest that the district court erred by invoking the familiar pleading standards articulated in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 570. Yet Boddy later concedes, borrowing language from those same decisions, that his complaint "needs to allege a set of facts that are plausible." Appellant Br. 19. We have reviewed the district court's decision and are satisfied that the court applied the appropriate pleading

standard in evaluating whether Boddy's complaint alleged sufficient facts to state a plausible claim for relief. *See Gonzalez*, 687 F. App'x at 470; *Wesley v. Campbell*, 779 F.3d 421, 427–28 (6th Cir. 2015).[3] Indeed, in reaching its decision, the district court relied in large measure on several of our prior decisions holding that similar § 1983 claims fell short at the Rule 12(b)(6) or Rule 12(c) stage. *See, e.g.*, *Brent*, 901 F.3d at 698; *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401–02 (6th Cir. 2016).

Shifting gears, Boddy challenges for the first time on appeal a provision of the Memphis police department's policy manual that permits officers to make warrantless arrests for misdemeanor offenses committed in their presence. Appellant Br. 19–20. In Boddy's view, this provision permits "an officer to physically assault any individual with unnecessary force for what the officer personally know[s] is a minor crime" and demonstrates the City of Memphis's "deliberate indifference to the safety" of its citizens. *Id.* at 20. Setting aside the reasonableness of Boddy's interpretation of the policy provision, we are unpersuaded by Boddy's attempts to supplement his pleading more than two years after the filing of his complaint. The district court was limited in the material that it could consider when resolving the defendants' motions for judgment on the pleadings and to dismiss for failure to state a claim. "As a result, the district court was not required to consider these vague, outside-the-pleadings allegations in assessing" the motions under Rules 12(c) and 12(b)(6), "and neither are we." *Brent*, 901 F.3d at 698.

---

[3]Although the district court articulated and applied the appropriate pleading standard in its grant of the City's motion for judgment on the pleadings, the court further observed in that order that "[i]n the context of § 1983 municipal liability, district courts in the Sixth Circuit have interpreted pleading standards strictly." R. 38 (07/28/20 Dist. Ct. Op. at 10) (Page ID #211). The district court incorporated that same reasoning into its order dismissing Boddy's claims against the officers in their official capacities. R. 60 (03/24/22 Dist. Ct. Op. at 5) (Page ID #266). We reiterate that the appropriate standard in all such cases is whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## C. Official Capacity Claims

We now turn to Boddy's claims against Kinsler and Carter in their official capacities. The district court dismissed these claims on the grounds that "Boddy's claims against the City and his official-capacity claims are equivalent," and thus the district court's dismissal of the former claims "extinguished" the latter. R. 60 (03/24/22 Dist. Ct. Op. at 5) (Page ID #266). On appeal, Boddy argues that the district court erred because it failed to evaluate the reasonableness of Kinsler's and Carter's use of force and overlooked *Courtright v. City of Battle Creek*, 839 F.3d 513 (6th Cir. 2016), and other cases addressing claims based on excessively forceful handcuffing.

Boddy's argument misapprehends the basis of the district court's decision. The district court had no occasion to address whether Kinsler or Carter used excessive force when arresting Boddy because Boddy voluntarily chose to dismiss his claims against Kinsler and Carter in their individual capacities, leaving only his official-capacity claims. "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). By dismissing his claims against the officers in their personal capacities, therefore, Boddy retained only his claims against the "local entity." *Pineda v. Hamilton County,* 977 F.3d 483, 494 (6th Cir. 2020). Because we have already concluded that Boddy has not stated a plausible claim against the City of Memphis, the district court did not err in dismissing his functionally equivalent § 1983 claims against Kinsler and Carter in their official capacities.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.